DANIEL BLAUVELT, Respondent, v. WILLIAM W. WOODWORTH, Appellant.

A mechanic, who furnishes materials or labor in the construction of a building in the county of Westchester, acquires under chapter 384 of the Laws of 1852, a specific statutory lien on the interest of the existing owner, which may be enforced by judgment as in a personal action.

This lien may be lost by omitting to comply with the conditions prescribed in the act.

The law in question, in its application to future contracts, is free from constitutional objection.

The owner of the building cannot defeat the lien, or relieve himself from contingent liability, by subsequent conveyance of the property to a third party.

APPEAL from the Supreme Court. This was a proceeding to enforce a mechanic's lien under the act of April 16, 1852. (Laws of 1852, p. 611.)

The referee found, in substance, as matter of fact, that the appellant contracted with Robinson & Clough to build the house in question for the sum of $1,675. The respondent contracted with them to do the mason work for $307, he furnishing the necessary materials. The work was completed and the contracts fulfilled in the early part of June, 1853. At this time there was due from the appellant to Robinson & Clough over $500 on account of the contract. The respondent, on the 23d of June, 1853, and within twenty days after the materials were furnished and the services performed, served on the appellant the specification provided for in the 2d section of the act.

On the 13th of June, and in the interval between the completion of the work and the service of the specification, the appellant conveyed the premises to one Bell, who is not a party to this proceeding, and the conveyance was recorded on the same day the specification was served by the respondent.

On the 4th of June, 1853, the appellant accepted a draft of $868.50, made on him by Robinson & Clough, who were then engaged in erecting other buildings for the plaintiff and for others at Riverdale, to relieve them from a threatened

levy on their building materials.  Robinson & Clough gave him, in exchange, a draft on other parties, payable some ten days afterward; and which was dishonored and protested for non-acceptance.

The appellant owned the premises in fee when the materials were furnished and the services were performed; but when the specification was served, he had ceased to be such owner.  When the service was made, he had not paid the contract price, but Robinson & Clough were indebted to him on the exchange of drafts.

The referee held, that the respondent was entitled to judgment for the amount of his lien, and for its enforcement by sale of the interest of Woodworth at the time it attached.

The judgment was affirmed at the General Term, the opinion being delivered by Judge BROWN, and STRONG, J., dissenting.

*R. W. Van Pelt,* for the appellant.

*Amasa J. Parker,* for the respondent.

PORTER, J.  The proceeding was by a sub-contractor to enforce a mechanic's lien against the owner, under chapter 384 of the Laws of 1852.

By the provisions of the act in question, the mechanic, who furnishes materials or labor in the construction of a building in the county of Westchester, in conformity with a contract with the owner, has a specific statutory lien to a limited extent, on the interest of the existing owner, and this may be enforced by judgment as in a personal action. He may lose this lien by omitting to comply with the conditions prescribed by the act; but in the case at bar, no fact is found by the referee inconsistent with the claimant's right.

It is insisted by the appellant, that the lien did not attach until the specification was served, on the 24th of June, 1853; and that it did not attach then, as against the defendant, because he had previously conveyed the property to one Bell, after the completion of the work.

In this view we cannot concur. The lien took effect, as the materials were furnished and the work was done. In this respect there is an obvious distinction between the effect of the act of 1852, and that of the act of 1851. (20 N. Y., 247.) The services were performed while the defendant was the owner, and he could not relieve the property from the lien, nor absolve himself from his contingent liability, by a subsequent conveyance to a third party.

It is insisted that if this be the effect of the act, it is unconstitutional and void; as it may enable the claimant to reach the property of a third party without due process of law. There is no provision of the Constitution which precludes the legislature from declaring a statutory lien, in respect to future contracts, in favor either of the contractor, the sub-contractor or the laborer, upon the land of the owner, at whose instance and for whose benefit the services are performed. The act of 1852 was in force when the contract in question was made; and every contract is presumed to be executed with reference to existing laws, and subject to such modification, in respect to the remedies of the parties, as may result from subsequent legislation, if free from constitutional objection.

The question as to the rights of Bell, the grantee, is not legitimately involved in the present appeal; but as he purchased property, which was subject to an existing statutory lien, it is to be presumed that the price was fixed with reference to the incumbrance, or that he secured himself from loss by appropriate covenants. Be that as it may, the statute is free from constitutional objection, and the defendant cannot complain that he is not permitted, by his own act, to extinguish a subsisting lien without payment.

It is also insisted, that, on the 4th of June, 1853, the defendant, who then owed between five and six hundred dollars on the work in question, made an advance to Robinson & Clough, the original contractors, of the sum of $868.50, which should inure as a payment and extinguishment of the lien. This claim cannot be sustained on the facts found by the referee. Such a payment, if made, would

have been at the peril of the defendant, as the lien of the sub-contractor had already attached, and the time had not expired, within which he was at liberty to serve his specification. Indeed, the work was still in progress, as appears by the bill of particulars, the correctness of which was admitted by stipulation on the trial.

The advance in question was not intended as a payment on the work in question, for it considerably exceeded the whole amount remaining unpaid. It consisted simply of an exchange of drafts for $868.50, between the owner and Robinson & Clough, who were at the same time engaged in erecting a number of buildings for the defendant at River-dale. The purpose of the accommodation was, to enable the contractors to avert a threatened seizure, by the sheriff, of materials prepared for the buildings at Riverdale. It is true that the draft received by the defendant from Robinson & Clough was never paid, and that they still remain his debtors in that regard, so far as the case discloses.

But the referee finds, as matter of fact, that at the time the specification was served, the defendant had not paid the contract price of the work now in question, and as we have no authority to disregard the findings, they are conclusive against the claim that the defendant has paid the debt.

It is insisted that the judgment is incongruous, as it operates *in personam* as well as *in rem.* It is sufficient to say that it is such a judgment as the statute authorizes; and it is no ground of objection to the validity of a remedial statute, that the remedy it provides is ample and complete.

The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.