Loew, J.
Under the mechanics’ lien law of 1863 {Laws of 1863, ch. 500) a lien ceases after one year from the time of filing the notice of lien, unless by an order of the court, obtained before the expiration of the year, the lien is continued, and a new docket made stating such fact (section 11 of the act; Welch v. Mayor, &c., 19 Abb. Pr., 132; Poerschke v. Kedenburg, 6 Abb. Pr. N. S., 172). And it makes no difference that a proceeding was commenced before the expiration of the year, to enforce or foreclose such lien. The decision of this court in the case of Paine v. Bonney (4 E. D. Smith, 734), which has been cited as deciding the contrary, has no application, as it was made under the law of 1851, which provided that every lien created under that act should continue until the expiration of one year from the creation thereof, “andun.til judgment rendered in any proceedings for the enforcement thereof.” I am aware that in Poerschke v. Kedenburg {supra), which was decided under the act of 1863, Judge Bakrett was of the opinion that, in such a case, the lien continues after the expiration of the year, without the procurement of an order of the court. But while I entertain the greatest respect for the opinion of that learned judge, and while I concede that there is a discrepancy or incongruity between the tenth and eleventh sections of the act, which would seem to favor his view, still I cannot, in this instance, agree with him. The language of section 11 is clear and explicit, that “liens shall in all cases cease after one year, unless by -order of the court,” &c. We must bear in mind that this statute is in derogation of the common law, and should be construed strictly. In addition, it will *381 be found, on examination, that the opmion of Judge Brady in the case of Poerschke v. Kedenburg (supra), and also the cases of Welch v. Mayor (supra), and Freeman v. Cram, 3 N. Y. [3 Comst.], 305), sustain the view of the case which I have taken. It follows that the conditions prescribed by the act must be complied with, or the lien will be lost (Blauvelt v. Woodworth, 31 N. Y., 285). The liens in this case having ceased, ipso facto, no order directing the county clerk to discharge them is necessary. But even, if it were otherwise, the court has no power to make such an order.
Section 10 of the act specifies in what cases liens may be discharged, by order of the court or otherwise, but does not include the one under consideration. By section 11, no power is conferred on any court to order a lien to be discharged, but all.liens not continued by order of the court, as in said section provided, are absolutely discharged after one year, by the mere effect of the statute itself, without any other act or proceeding. My attention has been called to a decision of Judge Daly, in the case of Jones v. Poe (not reported), which, it is claimed, is decisive of this question. From an examination of the papers on file in the clerk’s office, it appears that it is a case in point, and that the learned and able chief judge did make such an order therein as is now asked for. But I am informed that it was formerly the practice to grant motions of this kind, and it sems that the point was not fully considered when the order referred to was made. I may add that I have consulted with my two associates, Judges Daly and Van Brunt, and am permitted to say that they both concur in the conclusions which 1 have arrived at in this case.
The motion must be denied.