GEORGE C. GLACIUS et al., Respondents, *v.* BESSIE BLACK, Appellant.

67  563
130  579

There is no constitutional objection to the creation by the legislature of statutory liens in favor of mechanics and others, for the purposes, and under the circumstances and limitations specified in the statutes known as mechanics' lien laws.

Where, after the commencement, and during the pendency, of an action to foreclose a mechanic's lien, the lien expires, the action may still be prosecuted as a personal action and a personal judgment may be rendered as in an ordinary action upon contract.

Plaintiffs contracted to put an attic story and mansard roof on the house of defendant, the final payment to be made when the work was " done and completely accepted." The contract specified that the sides of the attic story were to be covered with plank, the frame " to be sheathed with pine boards, sheathing to be covered with felt." In an action upon the contract to recover the final payment, defendant's evidence tended to show that a strip two or three feet wide, extending across the house on one side in the new attic story, was left by plaintiffs without any felt, covering the sheathing. *Held*, that the contract required plaintiffs to cover the entire sheathing with felt; that this was a question of law for the court, and a submission thereof to the jury was error.

*Glacius* v. *Black* (4 Hun, 91) reversed.

(Argued December 6, 1876; decided December 22, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment

in favor of plaintiff entered upon a verdict, and also from an order of the General Term affirming an order denying a motion to vacate said judgment. (Reported below, 4 Hun, 91.)

This action was originally brought to foreclose a mechanic's lien under chapter 402, Laws of 1854 (the lien law applicable to Westchester county). Upon a former trial, a judgment in favor of the plaintiffs, entered upon the report of a referee, was reversed by this court (50 N. Y., 145) and a new trial ordered. Upon the second trial no lien was claimed, but a personal judgment was asked for. The jury found a verdict for the plaintiffs, and judgment was entered thereon. A motion was made by defendant for a new trial, which was denied. Defendant also moved to set aside the judgment as unauthorized, which motion was denied.

The further facts are sufficiently set forth in the opinion.

*George A. Black* for the appellant. The lien law of 1854 (chap. 402) is unconstitutional and void under the Constitution of this State and of the United States, because it deprives a person, against whom a lien is filed, of his property without due process of law. (Const., art. 1, § 6 ; id., art. 2, § 1 ; *Rockwell* v. *Nearing*, 35 N. Y., 302 ; *Mushlitt* v. *Silverman*, 50 id., 360 ; *Huxford* v. *Bogardus*, 40 How. Pr., 94 ; *Happy* v. *Mosher*, 48 N. Y., 318 ; *Bowers* v. *Berger*, 6 id., 366 ; *Murray* v. *Hoboken Ld. Co.*, 18 How. [U. S.], 272, 278, 280 ; *The Kate Tremaine*, 5 Bene·, 69 ; *The Fredonia*, 17 L. T. R., 622 ; *Carman* v. *McIncrow*, 13 N. Y., 73 ; *Donaldson* v. *Wood*, 17 Wend., 553 ; *Spencer* v. *Barnett*, 35 N. Y., 96 ; *Vose* v. *Cockcroft*, 44 id., 440 ; *Shepherd* v. *Steele*, 43 id., 57 ; *Blauvelt* v. *Woodworth*, 31 id., 285 ; *Taylor* v. *Porter*, 4 Hill, 140.) Plaintiffs could not claim a personal judgment. (*Moran* v. *Chase*, 52 N. Y., 349.) Plaintiffs could not justify a willful departure from the contract by the opinion of other builders or by any custom, whether local or general. (*Smith* v. *Brady*, 17 N. Y., 178, 181.) Plaintiffs failed to show a performance of their contract. (*Bryant* v. *Bryant*, 42 N. Y., 17 ; *People* v. *Cook*, 8 id., 74.)

*Ernest Hall* for the respondents. The lien law of 1854 (chap. 402) was not unconstitutional. (*Blauvelt* v. *Woodworth*, 31 N. Y., 285 ; *Shepherd* v. *Steele*, 43 id., 52 ; *Brookman* v. *Hamill*, id., 554 ; *Happy* v. *Mosher*, 48 id., 285.) A personal judgment was proper. (*Glacius* v. *Black*, 50 N. Y., 145 ; *Barton* v. *Hosman*, 8 Abb. [N. S.], 399 ; *Schattler* v. *Gardner*, 41 How. Pr., 243 ; *Freeman* v. *Cramer*, 3 N. Y., 305 ; *McGraw* v. *Godfrey*, 8 Alb. L. J., 190 ; 56 N. Y., 610.) The question of performance of the contract was one of fact. (*Colwell* v. *Lawrence*, 24 How. Pr., 324 ; *Sinclair* v. *Talmadge*, 35 Barb., 602 ; *Smith* v. *Gugerty*, 4 id., 614 ; *Smith* v. *Brady*, 17 N. Y., 173 ; *Glacius* v. *Black*, 50 id., 145.)

*Per Curiam.* The constitutionality of the legislation known as mechanics' lien laws, was affirmed in *Blauvelt* v. *Woodworth* (31 N. Y., 285), and the court held that there was no constitutional objection to the creation, by the legislature, of statutory liens, in favor of mechanics and others, for the purposes and under the circumstances and limitations specified in these statutes. Laws of similar character have been in force in this State for more than forty years (Laws of 1844, chap. 220) ; and similar legislation is found on the statute books of many of the States. These statutes have been frequently under consideration by the courts, and, so far as we know, their constitutional validity has never been judicially questioned.

We do not doubt the soundness of the decision in *Blauvelt* v. *Woodworth ;* and if the question admitted of doubt we should not feel at liberty, under the circumstances, to reconsider the decision in that case. We dismiss, therefore, the further consideration of the argument pressed upon us as to the unconstitutionality of the statute in question.

This action has been twice tried, and the plaintiff recovered on both trials. The first judgment was reversed by this court. (50 N. Y., 145.) The appellant then insisted that if the judgment should be reversed the reversal should be absolute, and without awarding a new trial on the ground that the lien had then expired by limitation, and that the action could not

be further prosecuted. The court, in answer to this argument, and in overruling it, said : " This position is not tenable ; if the lien has expired, the action can still be prosecuted as a personal action ; " and a new trial was awarded on the reversal of the judgment. The plaintiffs, on the new trial, admitted that the lien had expired ; and the defendant then moved to dismiss the proceeding, on the ground that the court had no jurisdiction to render judgment therein for the claimants, after the expiration of the lien. The motion was denied, and the trial proceeded, and resulted in a verdict and judgment for the plaintiffs, as in an ordinary action upon contract.

The defendant now, again, insists that the plaintiffs could not proceed, after the expiration of the lien, to obtain judgment for their debt. This precise question was decided adversely to the defendant, on the former appeal, and is therefore *res adjudicata* in this case.

The plaintiffs entered into a written contract to put an attic story, with mansard roof, on the house of the defendant, and to complete it according to certain plans, drawings and specifications forming part of the contract, and the final payment, which they claimed to recover in this proceeding, was, by the terms of the contract, to be made when the " work is done and completely accepted." The plaintiffs, in order to recover, were bound to show that the contract had been substantially performed. It was not necessary that they should be able to show literal performance of the work in every detail, according to the specifications, as a condition precedent to a recovery, provided it appeared that the departures and variations were not willful, and were technical and unsubstantial, and in unimportant and immaterial particulars. In such cases the law allows a recovery under the contract, with compensation to the other party by way of allowance, and deduction from the contract-price for such damages as he has sustained by reason of the omission of the plaintiff to comply with the exact terms of the contract. The contrary rule would deprive a contractor, in a building contract, of all compensation, although he has in good faith endeavored to perform his contract, and

has substantially performed it, but has failed in some minor and subordinate particulars, as to which an allowance out of the contract-price would afford to the other party a complete indemnity. The rule that substantial performance is sufficient for the purpose of maintaining the action, was declared on the former appeal; and on the last trial the judge, in conformity with it, charged the jury that to entitle the claimants to recover any thing, it must appear that there had been no willful departure from the terms of the contract, or omissions in essential points, and that if there were substantial defects in the work, the plaintiffs could not recover. The jury found for the plaintiffs on this issue, and while the weight of evidence, as presented in the case, seems to be adverse to this conclusion, we are of opinion that the question was one of fact for the jury, and by their finding this court is concluded. There is, however, a point upon which the judgment must be reversed. The specifications contained this provision: " The sides of the attic story to be covered with one-inch pine plank, grooved and tongued — white pine plank, laid in the best manner * * * the frame is to be sheathed with pine boards; sheathing to be covered with felt, put on in the best manner." The evidence on the part of the defendant tended to show that the walls of the old building were filled in with brick, to the point where the attic story commenced, and that the plaintiff, in constructing the new story, did not remove the old sheathing above this point, on one side of the building, except immediately below the old roof, and that a space two or three feet wide extending across the house in the new attic story was left without any felt covering the sheathing.

The defendant requested the court to charge the jury that the contract required the plaintiffs to put on the felt as low as the attic story. The judge, in reply to this request, said: " This is left for the jury to say," and the defendant excepted. There was no ambiguity in the contract in respect to the points referred to in the request. It plainly required the plaintiffs to cover the entire sheathing of the attic story with

felt.    This was a question of law for the court to decide, and the judge erred in remitting it to the jury for decision. (2 Parsons on Contracts, 492, and cases cited.)

For this error of the judge, and without examining the exceptions to evidence, which have been argued, the judgment must be reversed and a new trial ordered.

All concur.

Judgment reversed.