[No. 371.    January 28, 1890.]

## WILLIAM H. NEWCOMB ET AL., PLAINTIFFS IN ERROR, v. GEORGE A. WHITE ET AL., DEFENDANTS IN ERROR.

MECHANICS' LIEN—BILL IN CHANCERY TO FORECLOSE—RULINGS OF CHANCELLOR ON MATTERS OF FACT—APPEAL.—In a proceeding by bill in chancery to foreclose a mechanic's lien, the rulings of the chancellor on matters of fact, like the finding of a court of law on issues of fact, have the force and effect of the verdict of a jury, and will not be disturbed on appeal, unless some gross mistake has been made, or flagrant injustice done.

ID.—MASTER'S REPORT—EXCEPTIONS, HOW TO BE TAKEN—APPEAL.—In such case, where the master's report involves matters of account, exceptions only to particular items, or classes of items, will be considered on appeal.

ID.—VERBAL CONTRACT, CONSTRUCTION OF BY CHANCELLOR—PRESUMPTION.—Where no exceptions are taken to a verbal contract introduced in evidence before a master in chancery, and construed by the chancellor, the appellate court will presume that the construction given was correct. The court will not examine the evidence, where there is any conflict of testimony, to determine whether the court below or jury was justifiable in its finding or verdict.

ID.—DISMISSAL OF SUIT IN VACATION—SEC. 1857, COMPILED LAWS, N. M.—CONSTRUCTION OF STATUTES.—Section 1857, Compiled Laws of New Mexico, giving the plaintiff the right, in any suit in the district court, to dismiss the same at any time during the vacation of the court, by filing in the clerk's office a written dismissal of the suit, applies only to common law causes. In a chancery proceeding, where other parties have been brought in, whose equitable rights and interests are involved, a dismissal can be obtained only by leave of court, upon such terms as it may require.

ID.—REHEARING—EXCEPTIONS IN EQUITY CASES—SEC. 2197, COMPILED
LAWS, N. M.—CONSTRUCTION OF STATUTES.—Section 2197, Compiled
Laws of New Mexico, providing that exceptions to the decision of
the court upon any matters of law arising during the trial of a cause,
or to the giving or refusing of instructions, shall be taken at the time
of such decision, and that no exception shall be required in equity
causes, applies to bills of exception in common law cases, and not to
exceptions to a master's report in equity proceedings.

ERROR, from a decree in favor of complainants, to
the Third Judicial District Court, Grant County.
Decree affirmed.

The facts are stated in the opinion of the court.

ELLIOTT & PICKETT for plaintiffs in error.

GIDEON D. BANTZ for defendants in error.

LEE, J.—This is a petition, filed in chancery, to
foreclose four mechanics' liens, upon a certain frame
building situated on the southeast quarter of section 3,
in township 18 south, of range 14 west, of principal
meridian of New Mexico, near the boundary line of
the town site of the town of Silver City, in Grant
county, New Mexico, and commonly known as "New-
comb's Mill," for work and labor performed on said
mill building by the defendants in error, George A.
White and others. To this petition the plaintiffs in
error filed a demurrer to so much of said petition as at-
tempted to set up a lien and enforce the same in favor
of one of the original complainants, namely, Charles
C. Harris. Upon the demurrer as to White there was
no action of the court below. Plaintiffs in error
then filed their answer to said petition, denying the
material allegations of the same. The defendants in
error then filed a general replication to said answer;
and thereupon the cause was referred to A. H. Harlee,
as special master in chancery, to take the proofs and
report the equities of the cause to the court. The

master proceeded to take the proofs, and reported to the court that the defendant in error Milton Barnes was entitled to the sum of $115, with interest at six per centum per annum from the second day of January, 1886; John Hastings was entitled to the sum of $532, with interest from the same date; and that the said defendants in error were entitled to a lien on the property described in the original petition. To this report of the master, the plaintiffs in error filed objections and exceptions, which were overruled by the court below, and the master's report confirmed. The plaintiffs in error appeal to this court.

The plaintiffs in error assign four errors, the first of which is that the property is not sufficiently described in the bill of complaint, or notice of lien attached thereto. We do not think this objection well taken, in point of fact. The description of the property which is set forth in the foregoing statement of facts shows the property to have been fully and minutely described; and, as counsel for the appellants stated in their argument of the cause that they did not insist upon this point, we need not consider it further.

The plaintiffs in error, in their second assignment of error insist that William H. Newcomb, one of the appellants, should have been allowed his claim of set-off of $500 against the claim of Robert Black, one of the defendants in error. This was a question for the court trying the cause to determine from the preponderance of the evidence adduced; and the finding of that court on matters of fact has the same force and effect as the verdict of a jury, and this court will not disturb it, without there was some gross mistake, or flagrant injustice done. Blanvelt v. Woodworth, 31 N. Y. 285. Where an issue of fact is made, and evidence is offered for and against the same, this court has no authority to review the evidence, and determine that the weight

MECHANICS' lien: rulings of chancellor on matters of fact.

of it was other than as found by the court or jury trying the case below. We can only reexamine the law as the judge has pronounced it, upon the state of facts as presented to him. Hyde v. Booraem, 16 Pet. (U. S.) 169; Bond v. Brown, 12 How. (U. S.) 254.

If the master's report involves matters of account exceptions should be taken to the particular items, or class of items objected to (Ransom v. Davis, 18 How. (U. S.) 295); and, to make the exception available, it must appear that there was a ruling by the court upon it in some way affecting the decision appealed from (Railroad Co. v. Smith, 21 Wall. (U. S.) 255). The record before us shows that there was no exception taken by the plaintiffs in error to any item of account contained in the master's report, and therefore there is no question under this assignment of error which this court can consider.

*MASTER'S report: exceptions.*

The third assignment of error is as follows: "The master erred, in his report, in finding that Hastings and Black should receive four dollars per day for wages of the men who worked on said property, while said Hastings and Black paid said men but three dollars per day." This assignment attempts to bring in review by this court the construction given by the court below to a verbal contract introduced in evidence before the master, and construed by the chancellor; but, as the record shows that no exceptions were taken at the time, we must presume that the construction given to this verbal contract by the chancellor was correct. This court will not examine evidence to ascertain whether the lower court or jury was justifiable in finding as it has done. Gregg v. Moss, 14 Wall. (U. S.) 564; Express Co. v. Ward, 20 Wall. (U. S.) 548.

*CONSTRUCTION of verbal contract: presumption.*

The fourth assignment of error is as follows: "The master erred in making any report in reference

to the claim of complainant White, one of the defendants in error, for the reason that he (the master) had no jurisdiction over White's claim; the said White having dismissed the same, and filed his dismissal with the clerk of the court, as required by law. White's dismissal was before the master." This could hardly be regarded effective, in the face of White's proceeding in the cause at a period subsequent to the one mentioned in this assignment. On page 146 of the record we find the following:

<div style="margin-left:2em; font-variant:small-caps;">DISMISSAL of suit in vacation: jurisdiction of master.</div>

"And now comes the complainant George A. White, and excepts and objects to that portion of the report of the special master in the above cause wherein the said master fails to find in favor of said complainant in his report of the amount of his said claim, and also of the lien thereof, who prays the master to allow the same, and sustain these exceptions.

<div style="text-align:center;">"ASHENFELTER and BANTZ,<br>"Solicitors for Plaintiff."</div>

The following statute is relied upon to support this exception: "The plaintiff, in any suit pending in the district court, may, at any time in the vacation of said court, file in the clerk's office of said court a written dismissal of his suit; and said cause from that date shall be considered as dismissed at the cost of said plaintiff, and judgment shall be entered accordingly at the ensuing term of the district court." Compiled Laws, New Mexico, section 1857. This section applies only to common law causes. In a proceeding, where a complainant has brought in other parties, whose equitable rights and interests have become involved in the cause, it becomes a question for the court to determine, whether he will be allowed to dismiss his case, and, if so, on what terms. Even if the statute applied to equity causes, as the record in this cause shows this party in the active prosecution of his case to the end,

the presumption necessarily follows that he waived his application to dismiss. From the record before us, it appears that there were no exceptions taken to any of the rulings of the court below. In such a state of the record, it must be apparent that there is no question before this court for review. The judgment of the court below is affirmed, with costs.

LONG, C. J., and McFIE and WHITEMAN, JJ., concur.

### ON A MOTION FOR A REHEARING.

LEE, J.—The appellant in this cause files a motion for a rehearing, upon the ground that this court gave too much weight to the findings of the master on issues of fact, in saying such conclusions would be presumed by this court to be correct. We did not state in the opinion, or intend to be understood, that we would not look into all the evidence to ascertain if the equities as set forth in the bill have been sustained. But, in questions of fact, to be determined from conflicting testimony, the master, who saw the witnesses,—observed their manner, is better able to determine the weight their testimony is entitled to; he being in the better position of applying intelligently the aphorism of the Roman tribunal, that "witnesses should be weighed, not counted." In support of the proposition, we referred to the case of Blanvelt v. Woodworth, 31 N. Y. 285. It is objected that it was not a chancery case. It was a suit to foreclose a mechanic's lien. It was on the equity side of the court. It was referred to a referee or master, to take proofs and make findings. One question was whether the contract price of the work in question had been paid, and the court in that case said: "As we have no authority to disregard the findings, they are conclusive against the claim that the defendant has paid the debt." The

same rule has always been recognized and applied in this territory. In Huntington v. Moore et al., 1 N. M. 503, the court said: "This report is based upon the finding of the facts before him, and this court will not review the report of the master as to his finding of the facts only for error of law appearing in the report." We think this court ought not to reverse upon a mere difference of opinion as to the weight and effect of conflicting testimony. To warrant a reversal, it must be clear that the lower court committed an error, and that a wrong has been done to the appellant. We can not say as to either point that the court below clearly committed an error, or that such a proposition is sustained by a preponderance of the evidence.

It is also contended that, this being a chancery suit, it is not necessary to take exceptions to the rulings under the statute; and we are referred to section 2197 of the Compiled Laws in support of the position.

REHEARING: exceptions in equity cases.

That section reads as follows: "Exception to the decision of the court upon any matter of law arising during the progress of the cause, or to the giving or refusing of instructions, must be taken at the time of such decision. In equity causes, no exception shall be required." The exceptions referred to in this section, when taken at the time as provided, and afterward made out, settled, and signed by the judge trying the case, constitute the bill of exceptions. Such a bill is not required in equity cases, and never was. "A bill of exceptions is altogether unknown in chancery practice." Ex parte Story, 12 Pet. (U. S.) 340. It could serve no purpose in an equity suit, where the proceedings and evidence all appear in the record. In chancery proceedings objections are made to the rulings and decisions of the masters. They are brought to the attention of the chancellor by exceptions to the master's report. Rule number 86 provides that no excep-

tions to the master's report shall be entertained by the court unless based upon objections filed with the master. Rules Sup. Ct., p. 50. Exceptions to the master's report should specify, article by article, the points excepted to, and should distinctly point out the rulings or conclusions which it seeks to reverse. They should be specific, and not general. Exceptions that merely express dissatisfaction with the findings of the master are too general, and may be disregarded by the court. See Story v. Livingston, 13 Pet. (U. S.) 359. And again the same court says: "The findings of the master are prima facie correct. Only such matters of law and of fact as are brought before the court by exceptions are to be considered, and the burden of sustaining the exception is on the objecting party." Medsker v. Bonebrake, 108 U. S. 72. It was a part of the duties of the master to ascertain the amounts due from one party to the other in this case. Accounts referred to the master are not investigated by the court. See Harding v. Handy, 11 Wheat. (U. S.) 103. For the reasons above indicated the motion for a rehearing will be overruled.

WHITEMAN, J., concurs.