## SIM *v.* EDENBORN.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
SECOND CIRCUIT.

No. 8.  Argued May 5, 1915; restored to docket for reargument April 3, 1916; reargued October 23, 1916.—Decided December 4, 1916.

Respondent induced petitioner and others to join with him as subscribers to a syndicate agreement, under which the stock of a corporation was acquired, other property purchased and added to its capital, its stock increased and the shares distributed to the subscribers in proportion to their subscriptions. By this agreement respondent was constituted an agent for the other subscribers with large powers, and became their fiduciary in respect of the acquisition

and management of the subject-matter. By misleading representations and suppression he concealed the fact that the original shares were largely his when the agreement was made, and, carrying out a purpose entertained from the beginning, surreptitiously made use of those he owned in squaring off his subscription. Subsequently, petitioner and other subscribers, discovering this deception and fraud, promptly elected to rescind, gave due notice, offered to return all stock by them received, and demanded back their money.

*Held,* that tender of the stock actually received, being all the subscribers could do toward restoring the original position, was an adequate preliminary to an action at law against the respondent to recover the amounts paid on their subscriptions. *Heckscher* v. *Edenborn*, 203 N. Y. 210, approved.

Although on a question of commercial law or general jurisprudence the federal courts exercise their own judgment, they nevertheless lean toward agreement with the state courts where the question is balanced with doubt.

206 Fed. Rep. 275, reversed.

THE case is stated in the opinion.

*Mr. Theron G. Strong* for petitioner.

*Mr. Joseph W. Bailey,* with whom *Mr. Martin W. Littleton* and *Mr. Owen N. Brown* were on the briefs, for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

By an action at law commenced in the Supreme Court, Kings County, New York, and subsequently removed to the United States Circuit Court because of diverse citizenship, petitioner, Sim, sought to recover from respondent the amounts paid upon subscriptions to a syndicate agreement which the latter fraudulently induced him and his assignors to make. By stipulation, a jury being waived, the issues were referred to a referee. The reported facts, essential to an understanding of points now involved, are summarized below.

While owning the majority stock of United States Iron Company, respondent and others conceived a scheme to consolidate it with certain coal properties, erect blast furnaces, engage in smelting and manufacturing iron, etc. He accordingly prepared an agreement, dated April 15, 1902, stating generally the ends in view, and invited subscriptions. This instrument designated him and two others as "Syndicate Managers," and recited there was an opportunity to acquire for cash the $1,000,000 capital stock of that company, together with valuable coal properties, and that the purpose was to raise the essential two and a half million dollars. It further specified that "The Syndicate Managers hereunder shall have the direction and management of the subject-matter of the said Syndicate, and each subscriber nominates and appoints the Syndicate Managers his agents and attorneys irrevocable, until the termination of this agreement to exercise all the rights of the subscribers in and to the properties proposed to be acquired." Still other provisions conferred upon the managers wide discretion and powers · of control. Petitioner and his assignors became subscribers while in entire ignorance of respondent's true position. He represented that it was proposed to purchase only valuable and paying properties; that subscriptions were payable in dollars, and not in property; that he had made a subscription for $500,000 payable in dollars; that the enterprise was being organized in good faith; that all, according to their interest, had equal rights and stood on same basis; that every man's dollar was put up against every other man's dollar; and that there were to be no special advantages to any one. In fact, however, he always intended to utilize stock owned by him in payment of his subscription. The managers changed the company's name to Sheffield Coal & Iron Company, increased the capital to $2,500,000, and caused it to acquire additional coal properties. For cash paid to them

by syndicate members, they delivered an equal amount of stock issued by the corporation. In settlement of his subscription (reduced from $500,000 to $475,000) respondent surrendered the majority stock in United States Iron Company, at a valuation of $70 per share, paid balance in cash, and took new certificates. When he solicited and obtained subscriptions and received payments, he knew subscribers were relying upon him faithfully to act as their agent. Subsequent to the specified transactions petitioner and his assignors discovered respondent's interest, and thereupon promptly elected to rescind their subscriptions, gave due notice to the managers, offered to return and restore all stock received, and demanded their money.

Relying on *Heckscher* v. *Edenborn*, 203 N. Y. 210, the referee reported that Edenborn was liable for amounts paid, with interest, and final judgment therefor was duly entered. The Circuit Court of Appeals declined to follow the state court, and, being of opinion that, "it is a condition of rescission that the status quo shall be restored," and that no such restoration had been offered, reversed the trial court (206 Fed. Rep. 275, 277). The cause is here upon writ of certiorari.

*Heckscher* v. *Edenborn* arose out of another subscription to the agreement now involved, and the essential facts there and here are substantially alike. After much consideration the Court of Appeals decided in favor of plaintiff, Heckscher, holding the agreement was vitiated by fraud because Edenborn failed to reveal his interest in the stock intended to be purchased, and further that tender of stock actually received was all the subscriber could do towards restoring the original position, and constituted an adequate preliminary to an action for recovery. The opinion expresses that court's deliberate conclusion upon the issues, and is supported by reference to earlier decisions of its own and other authorities.

Petitioner now contends that the Court of Appeals was correct upon principle, and moreover, that if doubts exist they should be resolved in favor of its opinion. On the other hand, respondent maintains the questions involved are of general law and that the state court reached an unwarranted result not to be accepted here.

This court has many times considered how far federal tribunals, when undertaking to enforce laws of the States, should follow opinions of their courts. The authorities were reviewed, and rule announced in *Burgess* v. *Seligman,* 107 U. S. 20, 33, 34, 35, which declared that, as to doctrines of commercial law and general jurisprudence, the former exercise their own judgment, "But even in such cases, for the sake of harmony and to avoid confusion, the Federal courts will lean towards an agreement of views with the state courts if the question seems to them balanced with doubt." This has been often reaffirmed. *Wilson* v. *Standefer,* 184 U. S. 399, 412; *Bienville Water Supply Co.* v. *Mobile,* 186 U. S. 212, 220; *Stanly County* v. *Coler,* 190 U. S. 437, 444–445; *Great Southern Hotel Co.* v. *Jones,* 193 U. S. 532, 547; *Tampa Water Works Co.* v. *Tampa,* 199 U. S. 241, 243–244; *Kuhn* v. *Fairmont Coal, Co.,* 215 U. S. 349, 357–360, 361; *Ennis Water Works* v. *City of Ennis,* 233 U. S. 652, 657–658; *Moore-Mansfield Co.* v. *Electrical Co.,* 234 U. S. 619, 625; *Lankford* v. *Platte Iron Works Co.,* 235 U. S. 461, 474.

The conclusions of the Court of Appeals in *Heckscher's Case* are not in direct conflict with any declared views of this court, and some expressions in our former opinions tend to support them. *Veazie* v. *Williams,* 8 How. 134, 158; *Andrews* v. *Hensler,* 6 Wall. 254, 258; *Neblett* v. *Macfarland,* 92 U. S. 101, 103, 104–105.

Through misleading representations and suppression of facts, respondent induced syndicate subscribers to become parties to an agreement creating him their agent to acquire and deal with certain properties—a position

of especial trust and confidence.  His original undisclosed purpose was to obtain their money and appropriate it toward purchase of something partly owned by himself.  Having led them to intrust their funds to his discretion, he carried out his preconceived plan, and as a part of it caused them to receive an equivalent amount of corporate stock.  He now seeks to avoid a judgment, because his own actions have rendered it impossible for him to get back to the beginning point.

This was not a proceeding in equity addressed to the court's discretion, but a demand at law upon an agent for return of something improperly received and disposed of.  The defrauded principals tendered back everything received by them—did all they could towards restoring original conditions.  In such circumstances it is but just and right that any loss should fall on the unfaithful agent, not on his too-confiding principals.  See *Snow* v. *Alley*, 144 Massachusetts, 546, 551; *O'Shea* v. *Vaughn*, 201 Massachusetts, 412; Bigelow on Fraud, 430–431; Wharton on Contracts, § 285.

We think, in *Heckscher* v. *Edenborn*, the Court of Appeals reached a result well supported both by reason and upon authority, and that the courts below should have followed it when undertaking to determine rights depending upon the laws of New York.  The action of the Circuit Court of Appeals is accordingly reversed; and the judgment of the trial court is affirmed.

*Reversed.*

Mr. Justice McKenna, Mr. Justice Day and Mr. Justice Van Devanter dissent, being of opinion that the questions involved are of general, not local, law; that there has not been such restoration of the *status quo* as is essential to a recovery at law upon a rescission, and that upon the facts specially found by the referee the decision of the Circuit Court of Appeals was right.