## In re MONTICELLO VENEER CO.

### MAY & PEELER v. GIVENS.

### No. 3090.

District Court S. D. Mississippi, Jackson Division.

Jan. 2, 1933.

G. Wood Magee, of Monticello, Miss., for petitioner.

Brady, Dean & Hobbs, of Brookhaven, Miss., John H. Arrington and C. E. Gibson, both of Monticello, Miss., and Powell, Harper & Jiggitts, of Jackson, Miss., for trustee.

HOLMES, District Judge.

The petitioner sold logs to the bankrupt to be manufactured into lumber for veneering. At the time the petition in bankruptcy was filed, the lumber remained in the hands of the first purchaser, and the trustee in bankruptcy took possession of it. The petitioner claims a lien for the unpaid purchase money under section 2239 of the Mississippi Code of 1930.

The lien given the vendor of personal property for purchase money, by the terms of the Mississippi statute, continues in force "while it remains in the hands of the first purchaser, or of one deriving title or possession through him, with notice that the purchase money was unpaid." The lien is a statutory one, and we must look first to the statute, in the light of state decisions, for its duration, efficacy, peculiarity, or quality.

The trustee in bankruptcy is not an ordinary receiver in chancery, as in Weiss, Dreyfous & Seiferth v. Natchez Inv. Co. (Miss.) 140 So. 736, who takes neither title nor right of possession but only custody of the property for the benefit of the party ultimately entitled to it. Union Nat. Bank of Chicago v. Bank of Kansas City, 136 U. S.

223, 10 S. Ct. 1013, 34 L. Ed. 341; Quincy, M. & P. R. Co. v. Humphreys, 145 U. S. 82, 12 S. Ct. 787; 36 L. Ed. 632; 53 C. J. 93, 96, 102; 23 R. C. L. par. 53, 54, §§ 57, 58.

Under the Bankruptcy Act, the trustee not only takes title to the property belonging to the bankrupt, which is not exempt, but to all property which prior to bankruptcy he could by any means have transferred, or which might have been levied upon and sold under judicial process against him. 11 US CA § 110. In addition, he is vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, and of a judgment creditor holding an execution duly returned unsatisfied. 11 US CA § 75.

Because the Bankruptcy Act measures the extraordinary rights of the trustee by the sum of the rights of the bankrupt, of creditors, and of other parties dealing with him, it follows that the trustee does not always occupy merely the status of the bankrupt, but frequently may get a better title than the bankrupt had, or, in some cases, get title when the bankrupt had none.

 In the circumstances surrounding the trustee in this contest, his title, rights, or remedies may be seen most clearly, and to best advantage, by permitting him to assume the role of a judgment creditor who has seized the property under execution, upon an enrolled judgment, and by considering the rights and remedies of such a creditor as against petitioner's claim of a lien for purchase money. On this decisive issue we are controlled by state statutes and decisions. If they are conflicting, we follow the latest. Elmendorf v. Taylor, 10 Wheat. 152, 6 L. Ed. 289; Union Nat. Bank of Chicago v. Bank of Kansas City, supra; Sim v. Edenborn, 242 U. S. 131, 37 S. Ct. 36, 61 L. Ed. 199; McGregor v. Hogan, 263 U. S. 234, 44 S. Ct. 50, 68 L. Ed. 282; Terrace v. Thompson, 263 U. S. 197, 44 S. Ct. 15, 68 L. Ed. 255; Stebbins v. Riley, 268 U. S. 137, 45 S. Ct. 424, 69 L. Ed. 884, 44 A. L. R. 1454; Edward Hines Yellow Pine Trustees v. Martin (C. C. A.) 296 F. 442; Id., 265 U. S. 576, 44 S. Ct. 461, 68 L. Ed. 1187; Id., 268 U. S. 458, 45 S. Ct. 543, 69 L. Ed. 1050.

In Pearson v. Wm. R. Moore Dry Goods Co. (1927) 146 Miss. 225, 110 So. 709, the Supreme Court of Mississippi held that the lien for purchase money ceased to exist as of the date when the title passed to the trustee in bankruptcy, even though suit had been filed to enforce the lien, but in which case process had not been served or the property seized prior to bankruptcy. The reasoning is said to be unsound, but we are primarily concerned with the court's decision. It was actually and necessarily decided that the vendor's lien, limited in duration by the terms of the statute, expired when the property was levied upon and seized by an execution creditor who had obtained a judgment which had been enrolled under section 607, Hemingway's Code (section 819, Miss. Code of 1906, section 611, Miss. Code of 1930). The concrete holding was that the statutory purchase-money lien expired when it came into conflict with the statutory lien of an enrolled judgment. The Mississippi court was not construing the bankruptcy law. The rights of the trustee to those of judgment lien creditors were undisputed. The question for decision was boiled down to what those rights were in a conflict with a lienor for purchase money. It was held that the weaker statutory lien succumbed to the stronger one.

The ruling does not conflict with Norris v. Trenholm (5th C. C. A. 1913) 209 F. 827, which held that the purchase-money lien was not affected by the Bankruptcy Act when, prior to bankruptcy, suit in the state court to enforce the lien had been brought against the purchaser and the property seized by the sheriff under a writ of seizure while it remained in the hands of such purchaser. The possession of the property by the state court was constructive notice to all the world of its existence, and no one, not even the trustee in bankruptcy, could acquire it without notice that the purchase money was unpaid. The same distinguishing feature is found in other cases where the trustee has been defeated.

In the Pearson Case, supra, there was no notice to the world, because the state court had not acquired possession of the res at the time of bankruptcy. Though there was no service of process on the defendant, it is thought that jurisdiction of the person of the defendant would not have been sufficient. It was jurisdiction of the res by the state court that was necessary to give notice of the proceedings to enforce the lien. Process upon the defendant would only have been notice to him and his privies, but with the property in custodia legis no one could acquire any rights in respect to it without notice of the proceedings. Therefore the possession of the res by the state court in the one case, and not in the other, is believed to be the real ba-

sis of the distinction between Norris v. Tremholm, supra, and Pearson v. Wm. R. Moore Dry Goods Co., supra.

The rights of the trustee are determined as of the date the petition in bankruptcy was filed. Border Nat. Bank v. Coupland (5th C. C. A.) 240 F. 355, 39 A. B. R. 165; In re Montgomery Bros. (D. C.) 51 F.(2d) 284, 18 A. B. R. (N. S.) 221. The trustee in bankruptcy is never appointed until after the petition is filed, and consequently can never have notice of the lien at that time, unless the facts are sufficient to give constructive notice to all the world.

It has been suggested that whether the lien survives in bankruptcy is a federal question. Campbell Paint & Varnish Co. v. Hall, 131 Miss. 671, 688, 95 So. 641, 644. This may be true (11 USCA § 107 (d), unless it expires of its own weakness when the title passes from the first purchaser. An interesting analogy is found in Plowden's report of the case of Hales v. Petit, page 253, in the litigation between Dame Hales and the Crown, growing out of the suicide of Sir James Hales. His widow claimed that her right of survivorship took priority over a forfeiture of the estate. A witty allusion to this memorable lawsuit occurs in the churchyard scene in Hamlet (v. 1), where the two diggers of Ophelia's grave are discussing the philosophy of suicide.

Let us inquire into the origin and nature of the vendor's claim. At common law the lien upon personal property to secure the payment of purchase money was lost by delivery of the property to the purchaser. Gregory v. Morris, 96 U. S. 619, 24 L. Ed. 740. The Mississippi statute continues the lien in force while the property remains in the hands of the first purchaser or of one deriving title or possession through him with notice. It is in derogation of the common law, and must be strictly construed. 37 C. J. 309. The lien may be lost upon the happening of an event beyond the control of the lienor. It may be defeated voluntarily by the debtor in parting with title or possession, or involuntarily in having the same lawfully taken from him. By mere transfer of the property to one without notice, whether by sale, gift, or operation of law, the lien expires by force of the statute which created it. It cannot be compared with other statutory liens (chapter 44, Code 1930), some of which are good against even bona fide purchasers for value. Newman v. Bank of Greenville, 66 Miss. 323, 5 So. 753. It is more analogous to the equitable lien on land, which cannot be

enforced against trustees for creditors of the vendee to whom the land has been conveyed without notice of the lien. Bayley v. Greenleaf, 7 Wheat. 46, 5 L. Ed. 393.

It is not necessary at this time to consider any controverted federal question arising under the Bankruptcy Act. The latest authoritative construction placed upon its own statutes by the highest court of the state, in Pearson v. Wm. R. Moore Dry Goods Co., supra, is to the effect that the lien for purchase money expires when the property passes to the trustee in bankruptcy, exercising the rights and remedies of a judgment creditor.

*The decision of the referee is affirmed.*