### BINENSTOCK et al. v. WILLING.
### No. 8757.

District Court, E. D. Pennsylvania.
March 23, 1936.

Isadore Katz and Robert T. McCracken, both of Philadelphia, Pa., for plaintiffs.

Thomas J. Minnick, Jr., of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The Commercial National Bank was taken over by the Comptroller of the Currency as of February 28, 1933. On that day Swinger and Binenstock, partners, were jointly indebted to the bank upon promissory notes in an amount in excess of $20,000 (subsequently somewhat reduced by credits allowed). Binenstock had an individual deposit with the bank in excess of $30,000 and Swinger an individual deposit of about $1,500.

Binenstock, as surviving partner, and Mrs. Swinger, as executrix of Swinger, deceased, have filed this bill in equity, setting out the above facts and also alleging that the receiver of the bank is about to bring action against them for the balance of the joint indebtedness, and that he has refused to allow the individual deposits of the two parties as a set-off against it. The prayer of the bill is for a decree against the receiver requiring that the individual deposit obligations be set off against the joint obligation of the partners upon the notes, canceling the liability and establishing the balances in their favor (or at least in favor of Binenstock). The respondent has moved to dismiss.

The law of the state of Pennsylvania, if applicable, would clearly sustain the bill. The decisions of that state allow individual claims to be set off in equity against a joint liability even though the party asserting the joint liability is solvent. Stewart v. Coulter, 12 Serg. & R.(Pa.) 252, 14 Am.Dec. 680; Cochran v. Cutter, 18 Pa.Super. 282. See, also, Mintz v. Tri-County Natural Gas Company, 259 Pa. 477, 103 A. 285.

The Pennsylvania rule should be followed by this court if the question seems to be "balanced with doubt." Burgess v. Seligman, 107 U.S. 20, 2 S.Ct. 10, 22, 27 L.Ed. 359; Sim v. Edenborn, 242 U.S. 131, 37 S.Ct. 36, 61 L.Ed. 199; Trainor Company v. Aetna Casualty & Surety Company, 290 U.S. 47, 54 S.Ct. 1, 78 L.Ed. 162.

The only question involved upon this motion is whether the decision of the Supreme Court in Gray v. Rollo, 18 Wall. (85 U.S.) 629, 21 L.Ed. 927, in which the set-off was not allowed, rules the case.

If it does, all doubt disappears and I may not follow the state law.

But I think that Gray v. Rollo involves a basically different situation, that the distinguishing fact in that case was the point upon which the decision turned, and that it was so important a point that the Supreme Court took occasion to point out that, had it not been present and had the facts been as they are in the case now before me, the decision would have been otherwise.

In Gray v. Rollo, the insolvent claimant was a fire insurance company. It held notes on which Moses Gray and one Gaylord were jointly liable. It owed money upon a fire loss, not to Moses Gray individually, but to a partnership consisting of himself and his brother Franklin Gray. Moses Gray attempted by a bill in equity to compel the insurance company to set off the amount due on the policies to Gray Brothers against the joint obligation of himself and Gaylord. He alleged in his bill that his brother Franklin assented to and authorized the appropriation of half of the amount due on the policies to the extinguishment of his liability upon his joint note with Gaylord, but the court apparently considered that this allegation was unimportant.

The conclusion of the court was that "there is no rule of justice or equity which requires that Gray Brothers should be paid in preference to other creditors of the insurance company, out of the specific assets represented by the notes of Gray and Gaylord." The court said in effect that the rule would have to work both ways and that, if the insurance company was being sued by Gray Brothers for the insurance money and it happened that Moses Gray instead of the insurance company was insolvent, it would be unjust to Moses Gray's partner or the partnership creditors of Gray Brothers to allow the set-off, because it would mean that the insurance company would be able to pay a part of its debt to the firm with Moses Gray's worthless paper. The opinion then goes on to distinguish an earlier decision, Tucker v. Oxley, 5 Cranch, 34, 3 L.Ed. 29, in which an equitable set-off had been allowed, and observed that "the reciprocal form of this rule [that is the rule of Tucker v. Oxley] would have enabled the complainant to succeed in this case had he been the sole claimant of the money due for insurance."

Had the complainant in Gray v. Rollo been the sole claimant of the money due for insurance, the situation would have been exactly the same as that presented by the present bill because Binenstock is the sole claimant of his deposit and Swinger's executrix the sole claimant of his. In Roelker v. Bromley-Shepard Company, Inc., 73 F. (2d) 618, the Circuit Court of Appeals for the First Circuit allowed a set-off in a case similar to the present one except for the fact that the joint obligor who claimed the set-off may have been an accomodation party to the note (although the court said that the evidence to that effect should not have been received and did not affect the result). The court expressly confirmed the right of set-off of an individual debt against a joint liability where the insolvency of the payee appears and an action is brought upon a joint note by his receiver or trustee in bankruptcy.

 It is generally recognized that the insolvency of the obligee of a joint debt is a factor which may be considered in determining whether one of the joint obligors may in equity set off an individual claim. The Pennsylvania rule is clearly to the effect that the set-off claimed in this bill in equity is allowable. There is no decision of the Supreme Court of the United States holding otherwise. On the contrary, the dictum in Gray v. Rollo is to the effect that it would be.

I therefore conclude that the bill states a valid cause of action in equity and the motion to dismiss is denied.