ALLEN AND BURNS, Administrators, &c., v. H. D. MANDA-
VILLE et al.

There is a substantial difference between the commencement of an action, and
its being a suit pending between the parties; the first having reference only
to the act of the plaintiff, but the second has reference also to the position of
the defendant.

The statute provides, that " when any suit shall be pending in any court of this
State," and either of the parties shall die before final judgment, a revivor may
be had upon *scire facias*, against the executor or administrator of the deceased
party. Hutch. Code, 841, § 47. *Held*, there is nothing either·in the language
or reason of the statute that would give the right to continue a suit by *scire
facias* against the representatives, when they could not have been made par-
ties by bill of revivor; and, in a case like this, they could not be brought in
by bill of revivor.

IN error from the southern district chancery court at Natchez;
Hon. James M. Smiley, vice-chancellor.

The opinion contains a statement of the facts of the case.

*J. Winchester* for appellants.

Where there has been no service of subpœna on, or appear-
ance of the deceased defendant entered in the original suit,
neither a *scire facias* nor bill of revivor will lie in such a case.
3 Dan'l, Ch. Pr. 1673; Ib. 1698.

The courts have held, that when a suit is commenced by ser-
vice of a subpœna on the parties, and the cause thereby in
court, the statute of limitations ceased to run from the first
step taken towards the commencement of the suit; a class of
decisions entirely wrong, but followed· by modern decisions.
But unless service is had in such cases, it does not stop the
running of the statute of limitations, and is regarded as no
commencement of the suit. 2 Raym. 883; 6 Term R. 617; 7
Verm. 427.

*Freeman* and *Adams*, on the same side, cited Mitf. Ch. Pl.
493, and note.

*Boyd* for appellee.

The subpœna against Burns was returned by the sheriff of Hinds county, "the defendant dead before this writ came to hand;" and *sci. fa.* was then issued to make his administrators, Allen and Burns, defendants to the bill, which was executed and returned, and judgment *pro confesso* taken against the other defendants, after overruling their demurrer; as also against Allen and Burns, administrators, for failing to answer generally.

The *sci. fa.* was issued under the old rule in chancery, and *pro confesso* taken according to the statute. Hutch. Code, 842. That section is part of the circuit court act of 1822, and is made applicable to all other courts in the State, unless restricted. Hutch. Code, 736, § 100.

As to the party defendant, the issuance of the subpœna is sufficient of itself to constitute such pendency of the suit. 1 Cushm. 61.

Mr. Justice HANDY delivered the opinion of the court.

The defendants in error filed their bill in the southern district chancery court against the intestate of the plaintiffs in error and others, upon which process was issued, upon which the sheriff made return, that the defendant, the plaintiffs' intestate, was dead before the writ came to his hands. And thereupon a *scire facias* was issued to revive the suit against the plaintiffs in error, as his administrators, which was returned duly served, and a *pro confesso* taken, and final decree rendered against them.

The plaintiffs in error now insist that, under the circumstances of the case, it was error to revive the suit against them, as it was not in law "depending" against their intestate at the time of his death. The correctness of this position depends upon our statutes in relation to it.

The statute provides that, "when any suit shall be depending in any court of this State," and either of the parties shall die before final judgment, a revivor may be made upon *scire facias* against the executor or administrator of the deceased party. Hutch. Code, 841, § 47. Was there, then, a suit de-

Allen and Burns *v.* Mandaville et al.

pending against the intestate when the *scire facias* against the administrators was issued? And this involves the question, What constitutes a pending suit?

It is well settled that a *lis pendens* begins from the service of the subpœna, and not from the time of filing the bill, or issuing the subpœna. 2 Sugd. Vend. 281; *Murray* v. *Ballou,* 1 Johns. Ch. R. 576; 15 J. R. 315.

It is. contended, however, that this rule only applies to a *lis pendens* which is to be notice to a stranger, and that generally the issuance of the subpœna is the commencement of the suit. In reference to the statute of limitations, the issuance of the writ is doubtless the commencement of the action, because that is the term used in the statute. But even in that case, it is held not to be a good commencement of the action, unless the writ be afterwards served. 7 Verm. R. 429. There is a substantial difference between the commencement of an action, and its being a suit depending between the parties; the first having reference only to the act of the plaintiff, but the second having reference also to the position of the defendant; and it was accordingly laid down, that until the defendant appeared to the bill, there was in strictness no cause in court against him; and if his interest determined before appearance, the suit could not be continued by supplemental bill against his successor. 3 Daniel, Ch. Pr. 1663. Nor revived against his personal representative, if he dies before appearance. Ib. 1698. But the rule seems now to be settled, that the bill becomes a pending suit, as to him and his representatives, from the service of the subpœna.

There may be good reason for providing that a suit thus pending against a deceased party may be continued and carried on against his representatives, for the deceased has had notice of it, and an opportunity to make or provide for his defence. But this reason would fail where no such opportunity was afforded; and the representatives would come into the suit, to all intents and purposes, as if it had never been commenced against the deceased, and without any means of defence which it is reasonable to presume the deceased would have provided, had notice been given him that the suit had been commenced against him.

It would seem, therefore, that in using the terms "suit depending," the legislature had regard not only to the well understood technical import of the terms, but also to the just practical result to the rights of the parties; and there is nothing either in the language or reason of the statute that would give the right to continue the suit by *scire facias* against the representatives when they could not have been made parties by bill of revivor; and it is well settled, that in a case like this, they could not be brought in by bill of revivor.

The decree as to Allen and Burns administrators, is therefore reversed, and the *scire facias* dismissed as to them, and the suit abated as to the intestate William Burns.