CHISM, CHURCHILL & CO. *v.* LAURA J. THOMSON.

1. PRINCIPAL AND SURETY. *Trust deed on principal's property. Cancellation of same. Extension of debt. Release of surety.*

The cancellation by the creditor of the principal debtor's deed of trust on his own property, and the surrender of that property to the principal debtor, without the knowledge or consent of the surety, who has given a deed of trust on her property as additional security, operates to release both the surety and her property. A like effect attends the extension of the debt for a specified time, upon a sufficient consideration, without the surety's knowledge or consent.

2. LANDLORD'S LIEN. *Crops of tenant. Lien lost by sale.*

A commission merchant in another state who has made advances on account to a planter, and received and sold in good faith cotton shipped in the name of the planter, and for his account, is not answerable for the proceeds thereof credited on the planter's account, to one who had a landlord's lien on the cotton when shipped. *Hernandez* v. *Aaron, post*, p. 434, cited.

FROM the chancery court of Benton county.

HON. B. T. KIMBROUGH, Chancellor.

The appellee, complainant in the court below, alleged in her bill that, on April 1, 1891, her husband, M. H. Thomson, was indebted to the firm of which appellants are successors in the sum of $5,000, evidenced by his note dated January 14, 1891, and due January 1, 1892, and that, on the day first mentioned, he and complainant executed a deed of trust on her land in Benton county, Mississippi, to secure the same; that when her husband executed the note he at the same time executed a deed

of trust to secure it on certain horses and mules on his plantation in Arkansas, and the farming implements and wagons thereon, and on all the crops to be grown thereon for the year 1891, which afforded ample security; that, on May 10, 1892, the defendants, appellants here, by their trustee, in a settlement with her husband, marked the said last mentioned deed of trust "satisfied" and delivered the same up to him, extended the time of payment of the balance of the indebtedness evidenced by said $5,000 note until some time in the fall of 1892, and took a new note and deed of trust to secure said balance, on certain horses and mules and the crops to be grown on his Arkansas place in the year 1892, all of which was done without her knowledge or consent.

She further alleged that she was also the owner of a plantation in Arkansas, and rented it for the year 1891 to one T. B. West, for the sum of $810; that West had never paid any of said rent, and the whole remained due; that during said year he raised and gathered cotton from said lands of the value of $1,000, on which she had a lien for rent; that West shipped to defendants all of said cotton without her knowledge or consent. She alleged that her Benton county lands were advertised for sale under the deed of trust thereon, and would be sold, and a cloud cast upon her title by such sale, and prayed for a temporary injunction against the sale of the same, and for an accounting and decree against defendants for so much of the proceeds of the cotton received from West as was necessary to satisfy her rent claim, and the perpetuation of the injunction on final hearing.

The defendants, in their answer, admitted that the deed of trust on the personal property in Arkansas was surrendered to complainant's husband, with an indorsement thereon indicating satisfaction, and that a new deed of trust was taken, which was intended to operate as additional security to the old deed of trust, but averred that the mortgage on the Mississippi land was never satisfied, and that a large part of the $5,000 was

still unpaid, and that the indorsement on the deed of trust was intended to note the fact that a new trust deed had been taken, and, if it expressed anything else, it was a mistake on the part of the trustee, and denied that the taking of this additional security operated as a release of the security then held.   She also denied that they had received any cotton on which complainant had a lien for rent, but said that, if they had, it was received with her knowledge and consent, and that she had allowed her husband to so intermingle the cotton with his own that she was estopped from claiming it; that they were commission merchants, doing business in Memphis, Tenn., and that they had received no cotton from any of the parties named in the bill, save complainant's husband, all of which they received and sold, applying the proceeds to his account in good faith.

The nature of the evidence is disclosed by the view taken of it in the opinion of the court.   The court below perpetuated the injunction against the sale of the complainant's land in Benton county, described in the trust deed of April 1, 1891, but denied her relief as to the value of the cotton on which she claimed to have a landlord's lien for rent.   From this decree, both an appeal and cross appeal were prosecuted.

*R. T. Fant*, for appellants.

1. The appellants have never released, or shown any disposition to release, the deed of trust on the land in controversy, but have always regarded it as a security for their debt.

There are circumstances in the case that relieve the cancellation of her husband's trust deed on the Arkansas property of the effect upon her rights as surety that would ordinarily attend the act.   Her husband led the defendants to believe that the lands in controversy were his, and the trust deed thereon, in which she joined, contained a provision that, in case of sale thereunder, the balance of proceeds after payment of the debt secured, should be paid to her husband, thus confirming her husband's statement, and misleading and deceiving appellants

as to the title. Under the law, she is now estopped to assert title in said lands to the prejudice of appellants as incumbrancers. Pomeroy's Eq. Jur., § 814; 11 Am. St. Rep., 13; *Ferguson* v. *Bobo*, 54 Miss., 121; *Coleman* v. *Semmes*, 56 *Ib.*, 321.

There was clearly a scheme on the part of her husband and herself to defraud appellants, but, even in the absence of such design, the negligence as to appellants' rights, manifested in the careless manner in which she executed the trust deed, amounts to fraud. Pomeroy's Eq. Jur., §§ 807 and 821 (note).

2. The law as to release of a surety by making a new contract with the principal debtor has no application in this kind of case, and is only applicable in those cases where there is a suretyship by reason of a contract to that effect. Brandt on Suretyship, §§ 2 and 296.

3. The appellee lost her lien for rent on the West cotton, if she ever had any, in consequence of the manner in which the cotton was dealt with. No statute of the State of Arkansas giving her a lien was introduced in evidence.

*W. A. McDonald*, for the appellee and cross appellant.

1. On May 10, 1892, the appellants, who were the owners of the $5,000 note and the deed of trust of January 14, 1891, on property of appellee's husband, M. H. Thomson, in Arkansas, securing the same, entered into a contract and agreement with her husband, without her knowledge or consent, under and by which said deed of trust was canceled and surrendered, and certain property embraced therein, of a value exceeding the amount due on the note, released as a security for the payment of said note, and the time of payment of the balance due on the note extended until the fall of 1892. Such release and extension was, in law, a release of the trust deed given on her property in Mississippi as additional security for her husband's debt. *Newell & Pierce* v. *Hamer*, 4 How. (Miss.), 684; *Johnson* v. *Planter's Bank*, 4 Smed. & M., 165; *Payne* v. *Com-*

*mercial Bank*, 6 Smed. & M., 24; *Rupert* v. *Grant, Ib.*, 433; *Govan* v. *Binford*, 25 Miss., 151; *Hunt* v. *Knox*, 34 *Ib.*, 673; 24 Am. & Eng. Enc. L., pp. 822, 833, 834, 835.

A trust exists between the creditor and the surety that the creditor will do no act that will impair any security which the surety has by reason of the principal's property, and if he does so impair the surety's rights, the latter will be released, at least to the extent of the value of the security so impaired. *Davis* v. *Mickle*, Freeman's Chy. Rep. (Miss.), 548; *McMullin* v. *Hinkle*, 39 Miss., 142; *Clopton* v. *Spratt*, 52 *Ib.*, 251; *Anthony* v. *Capel*, 53 *Ib.*, 350.

A surety is entitled to subrogation to all liens, etc., for the debt, although he did not know of their existence when he became surety. 24 Am. & Eng. Enc. L., pp. 197, 198, 228.

When the evidence does not show the agreement extending the time of payment was made with the surety's knowledge or consent, it must be regarded as having been done without his consent. *Hunt* v. *Knox, supra.*

2. The cross appellant was entitled to an accounting as to the value of the cotton received by complainants from T. B. West, and to a decree for so much thereof as might be necessary to satisfy her landlord's lien for rent. Acts of 1885 (Ark.), p. 225; Code of 1892, § 939.

Argued orally by *Edward Mayes*, for appellee and cross appellant.

WOODS, J., delivered the opinion of the court.

The appellee was surety for the original debt of her husband due to appellants, and she was discharged from liability as such surety by reason of the cancellation of the principal debtor's trust deed given on his own property to secure that debt, and the surrender to the principal debtor of that property, without her knowledge or consent, and, further, by reason of the extension for a specified time, upon sufficient consideration, of

the balance due by the principal debtor for which appellee was surety, and this without her knowledge or consent, also.

The appellee was not entitled to recover of appellants the value of the cotton shipped by West, her tenant, from her plantation in the state of Arkansas, to appellants, his factors, in Memphis, in the state of Tennessee. Her lien was lost, under the authority of our opinion in *Hernandez* v. *Aaron,* which was delivered February 4, 1895 (*post,* p. 434). In that case, we held that a cotton factor and commission merchant who had made advances upon account to a planter, and who ·had received and sold, in good faith, cotton shipped in the name of the planter, and for his account, was not answerable for the value of cotton so received and sold and credited on the planter's account in a suit for that purpose by one having a recorded trust deed upon the cotton in this state.

*Affirmed on appeal and on cross appeal.*