## CHARLES HERNANDEZ *v.* EDWARD AARON.

DEED OF TRUST. *Incumbered cotton. Nonresident commission merchant.*
*Bona fide purchaser.*

> A cotton factor and commission merchant, in another state, who has
> made advances to a planter, and, without knowing of the shipment
> prior to receipt of the cotton, has received and sold, in good faith,
> cotton shipped in the name of the planter, and for his account. is
> not answerable for the value of such cotton in a proceeding by one
> having, in this state, a recorded trust deed on the cotton, of which
> the cotton factor had no information until after the receipt and
> sale of the cotton in such other state. *Bonner* v. *Marsh,* 10 Smed.
> & M., 376; *Dickman* v. *Williams,* 50 Miss., 500; and *Chaffe* v. *Rail-*
> *road Co.,* 59 Miss., 182, cited.

FROM the chancery court of Wilkinson county.

HON. CLAUDE PINTARD, Chancellor.

This was a proceeding by the appellee, Aaron, against the
appellant, as a nonresident, by attachment in chancery, to
compel an accounting in respect to certain cotton delivered to
him by one Hills, a debtor of complainant, and for a decree in
favor of complainant for so much of said cotton or its proceeds
as might be necessary to satisfy his demand against Hills, to
secure which the complainant had, as he alleged, a deed of trust
on said cotton executed by Hills, and duly recorded in this state
at the time said cotton was shipped to appellant. The bill also
prayed for a decree against the persons named as garnishees,
and for the condemnation and sale of the land attached as ap-
pellant's property. The bill charges that the delivery to ap-
pellant was fraudulent, and that appellant knew of the lien and
indebtedness of appellee, and was a party to Hills' fraudulent
scheme.

The answer of appellant denied all fraud and all knowledge
of the lien and indebtedness of the appellee at the time of the

receipt and sale of the cotton, and denied that it was delivered
to him in Mississippi; and showed that it was delivered to him
as a cotton factor in New Orleans, 'La., and was sold by him as
a cotton factor, and most of the proceeds paid to Hills on his
drafts against the same, the balance being credited to his ac-
count for advances.

The evidence showed that the existence of appellee's debt and
lien was not communicated to appellant until after his receipt
and sale of the cotton, which had been shipped to him from
Tarbert Landing, in Wilkinson county, Mississippi, for Hills'
account, without any knowledge on his part that the shipment
had been or was about to be made, until the cotton was received
in New Orleans. It also · showed that Hills owed the debt
claimed by appellee, and had given him the trust deed to secure
the same, mentioned in the bill; and that he was still indebted
to appellant for advances, after crediting him with said cotton
and all other payments on account thereof. The decree was in
accordance with the prayer of the bill, and defendant appealed.

*A. G. Shannon* and *H. S. Van Eaton,* for the appellant.

Hernandez, the appellant, knew nothing of the shipment of
the cotton prior to its receipt. in New Orleans. It therefore
remained the property of Hills, the shipper, until it was sold,
especially as it was shipped for· his credit. The indebtedness
of Hills and his intention to liquidate it with this cotton does
not at all affect the question. *Dickman* v. *Williams,* 50 Miss.,
500. Even if the appellant was liable under the *lex loci* where
the cotton was sold, which was not the case, the defendant must
stand or fall by his disproved allegation of a delivery in Wil-
kinson county, Miss.

*Bramlette & Tucker,* for the appellee.

1. Appellant appropriated the cotton upon which appellee
held deeds of trust, and he was liable to account therefor. The
evidence shows that Hills, the mortgagor, was indebted to ap-

pellant, and conclusively shows that he delivered the cotton at Tarbert Landing, in Wilkinson county, to be consigned to appellant and applied to the payment of his debt, and that it was so consigned and so applied. This constituted the appellant a purchaser of the cotton. *Dickman* v. *Williams*, 50 Miss., 500.

2. The effort, however, is to avoid this obligation by showing that appellant is a cotton factor and received this cotton as such factor to be disposed of as Hills might direct. It is true that appellant says, in his answer, that Hills drew his drafts against the proceeds of the cotton, but Hills, in his testimony, says the drafts were drawn before any cotton was shipped.

WOODS, J., delivered the opinion of the court.

The gravamen of complainant's bill is that he held a lien under two duly recorded deeds of trust in the proper office in Wilkinson county on certain cotton raised or owned by one J. J. Hills, and that, with the knowledge and connivance of appellant, this cotton was delivered to appellant, in said Wilkinson county, and the same was converted, by the appellant, into money, or its equivalent, whereby he became liable to appellee for its value.

The evidence fails to support the bill. On the contrary, it appears that the appellant was the cotton factor in New Orleans, La., of said Hills, and that Hills shipped the cotton in question to appellant from Tarbert Landing, in Wilkinson county, to Hernandez, his cotton factor in New Orleans, "for account of J. J. Hills." Appellant was not aware of this shipment when it was made, nor was he informed of appellee's liens under his trust deeds until after the cotton had been sold in New Orleans. He did not receive the cotton at all in Wilkinson county. It was shipped to New Orleans for Hills' account, and remained the property of Hills until actually sold. *Bonner* v. *Marsh*, 10 Smed. & M., 376; *Dickman* v. *Williams*, 50 Miss., 500; *Chaffe* v. *Railroad Co.*, 59 Miss., 182.

*Reversed and bill dismissed.*