R. W. MILLSAPS ET AL. *v.* SIMPSON TATE ET AL.

1. LANDLORD'S LIEN.   *Agricultural products.   Purchaser out of state.*

   While the landlord has, under the statute, a lien on the agricultural products raised on the leased premises, to secure the rent due for the year in which the products are raised, and may enforce the same against one who purchases them in this state, with or without notice, yet the statute has no extraterritorial effect, and one who purchases outside of this state, with or without notice, cannot be held.

2. SAME.   *Deed of trust.   Participation in removal.*

   One who purchases agricultural products in another state, which, while in this state were charged with the statutory landlord's lien, is not made liable to the landlord as participating in the removal, simply by the fact that the purchaser held a deed of trust on the products, executed in this state before they were mature.

FROM the circuit court of Washington county.

HON. F. A. MONTGOMERY, Judge.

Appellants were the owners of a plantation in Washington county, and leased the same for the year 1893. The tenants, in the spring of the year, executed a deed of trust on the crops to be grown on the leased premises, to appellees, and in the fall of the year shipped the cotton raised to appellees, in Memphis, Tennessee, leaving the rent largely unpaid. Appellants began suit by attachment against appellees, who appeared and pleaded to the merits. The judgment was for defendants, and the plaintiffs appealed.

*Jayne & Watson*, for appellants.

Whether the right of recovery, in the class of cases to which the one under consideration belongs, is based on the violation of a penal statute by the purchaser, or on a breach of good faith on his part when he purchased agricultural products on which

he knew there existed a lien, it is unnecessary to discuss, since appellees are liable under both theories.   On the first theory under § 1184 of the code of 1892, which makes the removal of, or causing to be removed, etc., personal property which may be subject to a lien of "lessor of lands, of which said party had notice," a criminal offense; making the removal the act, and notice of the lien supplying the intent.  *Wooten* v. *Gwin*, 56 Miss., 422; *Polk* v. *State*, 65 Miss., 433.   On the second theory they are liable under the authority of *Dunn* v. *Kelly*, 57 Miss., 825.

There is no sound reason that we can see why appellees should not be charged with the value of the cotton received by them, under the circumstances of this case.   It is true that a statutory lien does not have any extraterritorial effect.   But when a person deliberately contracts for the shipment of cotton out of the state, knowing that it is charged with a lien and has it shipped pursuant to that contract, the court will not permit him or his property in this state to escape liability to the party thus wronged.

The principle which we contend for can stand with that laid down in *Hernandez* v. *Aaron*, 73 Miss., 434, and *Chism* v. *Thompson*, 73 Miss., 410.   They can stand side by side without conflict, to wit: (1) That the purchaser of cotton shipped out of the state to him, without notice of a landlord's lien thereon, will not be held liable in an action on the part of the landlord, nor, consequently, his property in the state; (2) that the purchaser of cotton shipped out of the state to him, with notice of the landlord's lien thereon, will be held liable at the suit of the landlord, and, consequently, his property in this state.

It is a universal rule that the purchaser of property with notice of the rights of third parties, will not be held to be a *bona fide* purchaser at the suit of such third party for the recovery thereof, or of its value.   This rule should be applied to appellees in the case at bar.

*Calvin Perkins,* for appellees.

Counsel for appellants review the cases of *Hernandez* v. *Aaron,* 73 Miss., 434, and *Chism* v. *Thompson,* 73 Miss, 410, and come to the conclusion that in both of these cases the defendants were by this court held to be exonerated from liability, solely because they dealt with the property without notice of the claims of the respective plaintiffs thereto.    We do not so understand these decisions.

As to *Chism* v. *Thompson,* counsel for appellants say ''that the bill did not allege notice, that the answer charged that the cotton was shipped to the defendant with the knowledge and consent of the plaintiff, and, consequently, when the court said that under the authority of *Hernandez* v. *Aaron* the plaintiff's lien was lost, it thereby, in effect, said that the lien was lost because the defendant had no notice of it.''

We do not so interpret *Chism* v. *Thompson.*    The bill did not charge notice, nor was it necessary that it should.    The defense of '' *bona fide* purchaser for value without notice '' must be set up in his pleading by the person who relies upon it, and must be proven.

We say that what the court meant by its reference to the case of *Hernandez* v. *Aaron,* was that the statutory lien created by the recording of the deed of trust, had, in that case, been restricted to the limits of the State of Mississippi; that the statutory landlord's lien stood upon the same footing, and that, inasmuch as the defendant in both cases had nothing to do with the property while it was within the territorial limits where the statutory liens prevailed, they were not liable.

It seems very singular that counsel for appellants should argue that the appellees are liable because they had notice that the rent was unpaid, or that the cotton, while in Mississippi, was subject to the rent claim, in view of the decisions of this court in *Eason* v. *Johnson,* 69 Miss., 371, and *Warren* v. *Jones,* 70 Miss., 202, that the purchaser of rent cotton is liable, whether he did or did not have notice.    Those cases, and others, settle

that notice cuts no figure in determining the liability; what fixes the liability is dealing with the agricultural product while it is subject to the landlord's lien.    And we say that appellees in the case at bar did not so deal with it, because their first connection with the cotton was after it reached Memphis, Tenn.

WOODS, C. J., delivered the opinion of the court.

So long as the agricultural products remained in this state, the landlord might assert his statutory lien against the purchaser of such products, with or without notice of such lien on the part of the purchaser.    Notice or the want of notice were of no force in determining the liability of the purchaser.    Liability attaches in such case because of the wrongful acquisition of the property by a purchaser while it was subject under our statute to the landlord's lien, and remained within the jurisdiction of our courts.    But our statutes have no extraterritorial effect, as appellant's counsel frankly admit.    When, therefore, the agricultural products were shipped by the tenant to Memphis, Tennessee, the lien ceased to follow as soon as they had gone over the state line into Tennessee.    Notice or want of notice no more affects the liability of the foreign purchaser than, notice or want of notice affects the home purchaser.    In the one case, liability attaches because of the existence of the statutory landlord's lien; in the other, the lien does not attach, because lost in the passing of the products out of this state, our statutes ceasing to run beyond our own state limits.    This is the underlying principle in the case of *Hernandez* v. *Aaron*, 73 Miss., 434, and *Chism* v. *Thompson*, 73 Miss., 410.

Is it thought that the fact of the execution by the tenant in this case of a trust deed, covering the cotton to be grown by them that year, in favor of the appellees, in the spring of 1893, whereby the tenant stipulated to ship to appellees all his agricultural products raised on the leased premises, fixes fraudulent or unlawful participation on the part of appellees to the re-

moval of the cotton in question from this state to Tennessee?
Not so. The taking of the trust deed was a perfectly innocent'
and legitimate transaction. Of course the appellees knew their
trust deed was subordinate in this state to the landlord's statu-
tory lien, and they had reason to think, as they swear they did
think, that the landlord would look after his own rights, and
not permit the shipment of the cotton until his rent demand
had been satisfied. Appellees had no agency in shipping the
cotton out of this state; they did not order it done; they did
not know it had been shipped at all until notified by the rail-
road company of its arrival; as matter of fact, they did not
know that the landlord's claim for rent had not been fully paid,
and they did not know the cotton was raised on the leased
premises. The trust deed is of no sort of importance as show-
ing fraudulent participation in the removal of the cotton from
this state.

*Affirmed.*