Pearson *v.* Wm. R. Moore Dry Goods Co.

(Division B.   Jan. 17, 1927.   Suggestion of Error Overruled Feb. 14, 1927.)

[110 So. 709.   No. 26074.]

Bankruptcy. *Lis pendens. Action to enforce seller's lien is not "notice" of lien until service on defendant; where petition in bankruptcy is filed same day as petition to enforce seller's lien and before service on defendant, trustee prevails, in absence of notice, independent of court proceedings (Hemingway's Code, sections 607, 2436; Bankruptcy Act, section 47a, subd. 2 [U. S. Comp. St., section 9631]).*

Under section 2436, Hemingway's Code (section 3079, Code of 1906), a suit to enforce a vendor's lien is not notice of the lien to any person or corporation until the service of process, issued thereunder, upon the defendant; and, where a petition in bankruptcy is filed on the same day in which a petition to enforce vendor's lien is filed in the state court and before service of such process, the trustee will prevail over the vendor's lien, unless he had notice of the lien independent of the court proceedings.

*Corpus Juris-Cyc. References: Bankruptcy, 7CJ, p. 124, n. 20; p. 225, n. 41 New; p. 271, n. 95; Judgments, 34CJ, p. 588, n. 23; Lis Pendens, 38CJ, p. 20, n. 62; p. 27, n. 47; p. 38, n. 33, 34; p. 66, n. 34; Sales, 35Cyc, p. 487, n. 35.

146 Miss.—15.

APPEAL from circuit court of Kemper county.

HON. J. I. STURDIVANT, Judge.

Action by the Wm. R. Moore Dry Goods Company against W. E. Pearson, trustee of the estate of Guy Jack, Jr., a bankrupt, to enforce a vendor's lien on merchandise. From a judgment for plaintiff, defendant appeals. Reversed, and judgment rendered for defendant.

*Currie & Amis,* for appellant.

A decision of the case of necessity involves a construction of the purchase money lien statute of Mississippi and a decision of the question as to whether or not the seller of goods by reason of that statute, where no proceedings had been begun to perfect the lien prior to the filing of the petition in bankruptcy, has a lien prior to the title of the trustee in bankruptcy.

The filing of an involuntary petition in bankruptcy was a *caveat* to all the world and from the service of which, property was in the custody of the bankrupt court. The well-settled rule is that the rights of the trustee in bankruptcy exist as of the date of the filing of the petition. Collier on Bankruptcy (12 Ed.), page 731; *Bailey* v. *Ice Machine Co.,* 239 U. S. 268, 60 L. Ed. 275.

The rights of the trustee, such as he had, related back to the date of the filing of the involuntary petition and the property of the bankrupt was *in custodia legis* from the date of the filing of the petition and service of the process under it.

The question presented for decision is whether or not a creditor under the purchase money lien statute of Mississippi can enforce that lien as against the trustee in bankruptcy when no levy has been made and the goods have not been segregated from the general stock of merchandise of the bankrupt prior to the bankruptcy proceedings and the taking into its custody of the property of the bankrupt by the bankrupt court. There have been several cases construing the purchase money lien stat-

ufe of Mississippi, but no case has been found by us which dealt with the facts such as we have here. See *Norris* v. *Trenholm,* 209 Fed. 827; *Brown Shoe Co.* v. *Wynn,* 281 Fed. 807; *In re Purvis,* 293 Fed. 103; *Campbell Paint & Varnish Co.* v. *Hall,* 131 Miss. 671. In the last case cited Judge Anderson announced what in our opinion is the correct rule of law.

We do not think the lien could be enforced for the further reason that the lien of the seller where the goods had not been segregated prior to the bankruptcy act was lost as far as the enforcement of it against the trustee is concerned either in the state or bankrupt court. Federal Statute of 1898, as amended, section 47; section 70 of the Bankruptcy act; *Everett* v. *Judson,* 57 L. Ed. 927.

The only case we have been able to find which conflicts with the idea of the law as announced by Judge Anderson in the Campbell case is *In Re Purvis,* which case is no authority here for the reason that in that case there was being construed the mechanic's lien statute which is entirely different in its provisions from the purchase money lien statute.

*Chambers & Trenholm,* for appellee.

This case involves a consideration of the Mississippi statutory purchase money lien on personal property, section 2436, Hemingway's Code, but we cannot agree that it involves a consideration of the question as to such lien being superior to that of a trustee in bankruptcy "where no proceeding had been begun to perfect the lien prior to the filing of the petition in bankruptcy," as the record does not make out such a case.

It is true that on the latter point the agreed statement of facts is not clear on the proposition of whether the suit in the state court was filed before or after the petition in bankruptcy. The petition in bankruptcy was filed first. This question was set at rest by the action of the district judge, from which no appeal was taken.

The district judge was acting in the light of a decision of the United States circuit court of appeals, Fifth district, in *Brown Shoe Co.* v. *Wynne, trustee,* 281 Fed. 807, 49 Am. Bk. R. 48.

On the question of whether the suit in the state court was commenced before the filing of the petition in bankruptcy, appellant may endeavor to invoke the rule that the law takes no account of fractions of a day, but the United States circuit court of appeals for the Second circuit recently held that that rule does not apply where title to property as between claimant and trustee in bankruptcy depends upon the exact time of the filing of the petition. *Matter of Gubelman,* 10 Fed. (2nd) 926, 7 Am. B. R. (N. S.) 563.

The right of the state court to enforce this particular kind of lien after bankruptcy, where the bankruptcy court did not acquire jurisdiction, has been finally determined so far as we are concerned in this state, at least until the United States supreme court shall hold to the contrary, which it has not yet done, by the decision of *Brown Shoe Co.* v. *Wynne, Trustee, supra.*

It follows, therefore, that we have not a case "where no proceeding had been begun to perfect the lien prior to the filing of the petition in bankruptcy," else this case would never have come back to the state court.

Jack owed appellee the debt sued for as the purchase price of certain personal property sold and delivered by appellee to Jack in the state of Mississippi, and the goods seized by the sheriff were a part thereof. It is true that Jack had given appellee notes for said indebtedness, but that fact makes no difference. *Norris* v. *Trenholm, Trustee,* 209 Fed. 827, 126 C. C. A. 551, 31 Am. B. R. 353. See section 2436, Hemingway's Code. Section 2437, Hemingway's Code, sets out the manner in which the lien may be enforced which is the procedure adopted in this case.

This court in *Campbell Paint & Varnish Co.* v. *Hall, Trustees,* 131 Miss. 671, 95 So. 641, finally disposed of

all the old arguments as to the sign statute, goods for re-sale, etc., and settled the proposition that the statute means just what it says, and that the seller has lien.

Considering, therefore, that if bankruptcy had not occurred, the plaintiff had the right, under the facts in this case, which come squarely within the *Campbell case, supra,* to subject the seized property by virtue of the statutory lien, the question is: What is the effect of the filing of the petition in bankruptcy? And that is a *federal question.* We must, therefore, look to the bankruptcy act and the decisions of the federal courts for the answer. See section 67, Bankruptcy Act of 1898, U. S. Compiled Statutes, paragraph 9631; *Norris* v. *Trenholm, Trustee, supra; Brown Shoe Co.* v. *Wynne, Trustee, supra; In Re Purcis,* 293 Fed. 102, 1 Am. B. R. (N. S.) 595.

On the federal question as to the rights and title of the trustee under the bankruptcy act, it is too well settled to permit of argument that the title of the trustee in bankruptcy vests as of the date of adjudication, but as it was at the time of the filing of the petition. 2 Collier on Bankruptcy (13 Ed.), page 1635. And equally well settled that "the trustee takes the property of the bankrupt, not as an innocent purchaser, but subject to all valid claims, liens and equities." 2 Collier on Bankruptcy (13 Ed.), page 1643; *Zartman* v. *Bank,* 216 U. S. 134, 54 L. Ed. 418, 23 Am. B. R. 635.

It is well settled that the amendment of 1910 to section 72a of the Bankruptcy Act of 1898, vesting the trustee with all the rights, remedies and powers of a lienor or judgment creditor "may not be invoked to deprive a creditor of the bankrupt of equities existing in his favor at the time of the bankruptcy and was not intended to limit the general rule that a trustee takes the bankrupt estate subject to all valid claims, liens and equities." 2 Collier on Bankruptcy (13 Ed.), page 1647.; *Matter of Creech Bros. Lbr. Co.* (C. C. A., 9th Cir.), 240 Fed. 8,

39 Am. B. R. 487; *Matter of Shelly* (C. C. A., 3rd Cir.), 242 Fed. 251, 39 Am. B. R. 165; *In re Purvis, supra.*

We cannot find where the United States supreme court has yet spoken upon this particular point. For that reason, therefore, the decisions of the several circuit courts of appeal are conclusive. It will be seen from the above that the federal court in this state refuses to adopt what counsel for appellant says should be the rule. From the authorities we have already cited, it appears that the decision of the federal judge in Mississippi in the Purvis case is correct.

This is simply a case of a valid state lien, such as the lien of the vendor of real property, the lien of a mortgage, etc. If the appeal is to be made to any on the above ground, it should be made to the legislature. And it is interesting to note that this statute appears in the law of this state in its present form for the first time in 1906, after the bankruptcy act had been in force for eight years, and in direct answer to a decision of this court that under the statute as it existed prior to that time a mere assignee for creditors had a lien superior to that of the vendor. *Goodbar* v. *Knight,* 89 Miss. 124. In other words, after the passage of the bankruptcy act, the legislature took steps to give the vendor of personal property a lien from the time of sale, instead of from the time of seizure, and as against every one except an innocent purchaser for value.

The federal court has refused to take the property from the state court, but sent the trustee into the state court to set up any defenses he might have. We submit that he has set up none that are worth considering, and that the action of the circuit court should be sustained.

Argued orally by *J. H. Currie,* for appellant, and *E. L. Trenholm,* for appellee.

Ethridge, J., delivered the opinion of the court.

Suit was filed by the Wm. R. Moore Dry Goods Company in the circuit court of Kemper county, seeking to

enforce a vendor's lien upon merchandise sold to Guy Jack, Jr., by the plaintiff, appellee herein. The case was tried on an agreed statement of facts, which was as follows:

"Guy Jack, Jr., was a resident of Scooba, Kemper county, Miss., during the year 1924, and up to January 2, 1925, was doing a general mercantile business in the town of Scooba, Miss. During the year 1924, in the month of September, Guy Jack, Jr., purchased from the William R. Moore Dry Goods Company, a corporation of Memphis, Tenn., dry goods amounting to eight hundred ninety-nine dollars and eight cents, which amount is still unpaid, and on or about November 26, 1925, Guy Jack, Jr., being then and there indebted to the William R. Moore Dry Goods Company in the sum of eight hundred ninety-nine dollars and eight cents, gave to it his five promissory notes, four of which were for and in the sum of one hundred eighty dollars each, and one in the sum of one hundred seventy-nine dollars and eight cents, all payable at the Bank of Commerce & Trust Company, Memphis, Tenn., with eight per cent. interest thereon from maturity, such notes being due December 12, December 22, and December 29, 1924, and January 5 and January 12, 1925, providing that default in the payment of any one note should cause all to mature. That on January 2, 1925, a declaration was filed by the William R. Moore Dry Goods Company in the circuit court of Kemper county, Miss., against Guy Jack, Jr., to recover from him the indebtedness due at that time to it by him, and also to enforce purchase money lien on the goods sold by the William R. Moore Dry Goods Company to him and at that time in his possession. That on the same day, namely, January 2, 1925, an involuntary petition was filed in the district court of the United States for the Eastern division of the Southern district against the said Guy Jack, Jr., praying for his adjudication as a bankrupt, service of process under which was had on Guy

Jack, Jr., on January 2, 1925, which petition and service are in all respects regular.

"That at the time of the filing of said suit in the circuit court of Kemper county a writ of summons and seizure was issued to the sheriff of said county, and delivered to him commanding him to seize and take possession of and into such of the goods upon which a lien was asserted as he could find in the possession of the defendant, Guy Jack, Jr., and that thereafter, on January 5, 1925, the sheriff seized the property at that time had by Guy Jack, Jr., in his possession and purchased by him from the William R. Moore Dry Goods Company; the store of the said Guy Jack, Jr., being at that time open, no receiver having been appointed, and the return day of the process on the petition in bankruptcy not having at that time arrived. That after making such seizure, and serving the said Guy Jack, Jr., with a copy of the writ, as in other cases, the sheriff took said goods into his possession, as required by law, and thereafter, on January 8, 1925, a receiver was appointed by the court of bankruptcy, pending adjudication upon said petition in bankruptcy; said receiver being W. E. Pearson of Scooba, Miss. That thereafter the said Guy Jack, Jr., was adjudged a bankrupt upon said petition, the first meeting of creditors duly held, and the said W. E. Pearson was elected and qualified as trustee in bankruptcy of the said Guy Jack, Jr.

"After the appointment of the said W. E. Pearson as trustee in bankruptcy, an agreement was made and entered into by and between attorneys for the trustee and the attorneys for the William R. Moore Dry Goods Company, that the trustee in bankruptcy might, at the time and place named for the sale of the other merchandise of Guy Jack, Jr., sell the property levied on in this cause, separately, the proceeds to stand in lieu of the goods theretofore levied on by the sheriff and delivered by him under such agreement to the trustee; and said goods were sold by the trustee at and for the sum of three hun-

dred forty dollars. That said sale was made by W. E. Pearson, trustee, after he had filed in the bankruptcy proceeding on February 2, 1925, a petition setting up the agreement aforesaid, and that such proceeds were to be held by him pending the decision of the bankruptcy court upon a petition to be filed therein by William R. Moore Dry Goods Company, for the possession thereof, which was a part of said agreement, and after the bankruptcy court had entered an order on the trustee's petition permitting such action.

"That thereafter, on May 7, 1925 the William R. Moore Dry Goods Company filed its petition in the bankruptcy court seeking to enforce its purchase money lien and said sum of three hundred forty dollars, held in lieu of said goods, which petition was by the referee denied, from which order of the referee the William R. Moore Dry Goods Company appealed to the district judge. That upon a hearing before him, and upon the above state of facts, the district judge held that the court of bankruptcy was without jurisdiction, the suit in the circuit court (this cause) having been commenced and the goods seized by the sheriff prior to the appointment of a receiver or the adjudication of said Guy Jack, Jr., to be a bankrupt, and further directed that the trustee, W. E. Pearson, pay over to the sheriff of Kemper county said sum of three hundred forty dollars, and that said trustee appear in this court and defend this suit; an order being then and there entered accordingly. That neither the said William R. Moore Dry Goods Company nor said trustee appealed from said order, and that the time in which an appeal might be taken has expired. Said sum of three hundred forty dollars has been paid to the sheriff of Kemper county by the trustee, and is now being held by him in lieu of the goods levied on awaiting the final decision as to whether this money belongs to W. E. Pearson, trustee, or the William R. Moore Dry Goods Company, under and by the virtue of its purchase money lien.

"It is further agreed that the sale made by the William R. Moore Dry Goods Company to Guy Jack, Jr., actually having been made in Mississippi, is a Mississippi sale, and that the laws of the state of Mississippi are applicable thereto in all respects. It is further agreed that the trustee herein, under the direction of the federal court in and for the Eastern Division of the Southern District of Mississippi, the court administering said bankruptcy estate and being duly authorized so to do, is appearing as defendant in this cause in lieu of Guy Jack, Jr., bankrupt, and as such trustee is claiming the proceeds realized from the sale of the goods levied upon by the plaintiff herein and now in the hands of the sheriff of Kemper county, and that this cause may be considered as revived against him, accordingly. Further, that all proceedings are regular."

The case was tried before the circuit judge without a jury, and judgment was rendered in favor of the plaintiff, the William R. Moore Dry Goods Company, from which the trustee in bankruptcy appeals to this court.

Section 2436, Hemingway's Code (section 3079), Code of 1906 reads as follows:

"The vendor of personal property shall have a lien thereon for the purchase money while it remains in the hands of the first purchaser, or of one deriving title or possession through him, with notice that the purchase money was unpaid."

It is conceded by the appellee in his brief that—

"It is too well settled to permit of argument that the title of the trustee in bankruptcy vests as of the date of adjudication, but as it was at the time of the filing of the petition. 2 Collier on Bankruptcy (13th Ed.), p. 1635, and cases cited."

The amendment to the bankruptcy law of 1910 (subdivision 2, subsec. (a), of section 47 of the Bankruptcy Act [U. S. Comp. Stat., section 9631]) gives the trustees all the rights, powers, and remedies of a creditor holding a lien. Under the case of *Bank* v. *Coupland,* 240 F. 355

(C. C. A. 5th Cir.) 39 Am. Bankr. Rep. 165, it is held that a trustee in bankruptcy takes the *status* of the lien creditor as of the time the petition in bankruptcy is filed. Therefore the suit must be regarded in the light of the fact that the trustee had secured his right as a lien creditor prior to the service of process upon the defendant and the seizure of the goods in the circuit court. Section 2438, Hemingway's Code (section 3079, Code of 1906), above set out, confers the lien upon personal property for the purchase money while it remains in the hands of the first purchaser, or of one deriving title or possession through him, with notice that the purchase money was unpaid. The formal filing of the suit is not effective to confer notice prior to the service of process issued upon the filing of the suit, which, in the present case, was not served until the 5th day of January, whereas the petition in bankruptcy was filed on the 2d day of January and summons served on the bankrupt on that day.

In *Allen* v. *Poole,* 54 Miss. 323, it was held by this court that in a chancery suit the *lis pendens* begins not from the time of the filing of the bill, but from the service of process and continues until the disposition of the suit. In *Bacon* v. *Gardner,* 23 Miss. 60, it was held to create a *lis pendens* as against a subsequent purchaser, there must be service of process. In *Allen* v. *Mandaville,* 26 Miss. 397, it was held that a bill becomes a pending suit as to the defendant and his representatives from the service of the subpoena.

It follows, therefore, that the mere filing of the suit is not sufficient to give notice of the lien sought to be enforced by the suit, and there is nothing in the agreed statement of facts to show that the trustee had any actual notice. We think that the burden was upon the plaintiff to establish the fact of notice, and that he failed to do so. If a creditor or purchaser had acquired a contract lien in a case between the filing of the suit and the service of process thereunder without actual notice of the rights of the plaintiff or of the pendency of the suit,

such creditor or purchaser would be protected against the claim sought to be enforced by the suit. The claim may have been a contract lien secured from the purchaser of the goods within four months preceding the bankruptcy, and such creditor would have prevailed over the Wm. R. Moore Dry Goods Company although the bankruptcy court would have set aside such contract lien under the Bankruptcy Act. Nevertheless, the plaintiff could not prevail, and it would take its place in line with the other creditors of the bankrupt.

Under section 607, Hemingway's Code (section 819, Code of 1906), a judgment enrolled in accordance with this section binds all of the property of a defendant within the county where so enrolled from the rendition thereof, and shall have priority according to the order of such enrollment in favor of the judgment creditor, his representatives, or assigns against the judgment debtor and all persons claiming the property under him after the rendition of the judgment; and the judgment shall not be a lien upon any property of a defendant thereof unless the same be enrolled. This enrolled judgment makes the judgment creditor a lienholder who prevails over creditors who have not secured judgment, and is stronger and more far reaching than an execution judgment creditor, or one who has obtained a lien by execution.

We think the trustee in bankruptcy, under the provisions above set forth, stands as though the defendant had such a lien, and that the plaintiff failed to show that the trustee acquired title to the goods with notice of his vendor's lien. Under the above section 2436, Hemingway's Code (section 3079, Code of 1906), a purchaser does not have to be a purchaser for value without notice, but merely a purchaser without notice. Therefore we think that the learned circuit court was in error in rendering the judgment on the agreed statement of facts for the plaintiff, and that it should have rendered judgment

for the trustee and remitted the plaintiff to the bank-ruptcy court to assert its rights as a creditor therein.

The judgment of the lower court will therefore be re-versed, and judgment rendered here for the trustee for possession of the proceeds of the goods sold by the trus-tee.

*Reversed and judgment rendered.*