## In re WHATLEY.

District Court, S. D. Mississippi, Jackson Division.

No. 2386.

Chambers & Trenholm, of Jackson, Miss., for petitioning creditor.

Powell, Harper & Jiggitts, of Jackson, Miss., for trustee.

HOLMES, District Judge. This case is before the court on petition to review an order of the referee denying a petition of the Sunshine Sales Company, praying that it be allowed to waive the benefit of a conditional sales contract containing a title retention provision, and enforce a vendor's lien against a refrigerator sold by the petitioner to the bankrupt, upon which there is a balance due of $220 of the purchase money.

It is conceded by the petitioner that its right to priority under the conditional sales contract would be defeated by the Mississippi Sign Statute, but in my judgment this is not sufficient reason to allow it to claim a purchase-money lien on property, the title to which is in it. In other words, petitioner attempts to say that, although the title is in itself, nevertheless it has a lien; but the fallacy in this position is that one cannot have a vendor's lien on property without parting with the title; in fact, where one has a lien on property and acquires title, the lien is merged into the sole ownership. The conditional sales contract is not void as between the parties, but is simply defeated as to creditors by the Mississippi Sign Statute (Hemingway's Code 1927, § 3334). For this reason, I think the decision of the referee should be affirmed.

I do not mean to hold by implication that a purchase-money lien would be enforceable under the facts here. Whether or not such lien would be valid in bankruptcy is determinable by the rights of a lien creditor under the laws of Mississippi. On this subject, the Supreme Court of Mississippi, in Pearson v. William R. Moore Dry Goods Co., 146 Miss. 225, 110 So. 709, rendered judgment for the trustee in bankruptcy, and remitted the plaintiff, seeking to enforce a purchase-money lien, to the bankruptcy court to assert its rights as a creditor therein, and to "take its place in line with the other creditors of the bankrupt." This decision was forecasted by Mr. Justice Anderson in Campbell Paint & Varnish Co. v. Hall, 131 Miss. at page 688, 95 So. 641.

From these two decisions the Mississippi rule would seem to be that the lien of an enrolled judgment creditor, under section 621 of Hemingway's Mississippi Code 1927, is stronger and more far-reaching than that of an execution judgment creditor, and would prevail over the lien of a purchase money creditor. It is not necessary to decide this point here. The court, in Campbell Paint &

Varnish Co., supra, suggested that whether the trustee would prevail over a purchase-money lien creditor was a federal question. It may be in one sense, but in order to determine that question we must look to the state decisions as to the rights of a lien creditor, or as to the effect of the sign statute, as there is no other basis, at least none other has been suggested, upon which the trustee in bankruptcy could prevail over a purchase-money lien creditor.

The proposition in a nutshell is that, if an enrolled judgment creditor would prevail over a purchase-money lien creditor, then the trustee in bankruptcy would likewise prevail. On this proposition the federal court will follow the latest announcement of the highest court of the state.