## In re SMITH.

District Court, S. D. Mississippi, Jackson
Division.

July 3, 1931.

Price, Cassidy & McLain, of McComb, Miss., for petitioner.

Chambers & Trenholm, of Jackson, Miss., for trustee.

HOLMES, District Judge.

The bankrupt was a trader engaged in the retail furniture business in Brookhaven, Miss., under the name of J. M. Smith Furniture Company. At the date of the filing of the petition in bankruptcy, it had for sale in its place of business certain furniture and other articles of merchandise upon which a lien is claimed to have existed for the purchase money in favor of the seller under a Louisiana statute, the contract of sale and delivery thereunder admittedly having taken place in that state. The seller, the New Orleans Furniture Manufacturing Company, a Louisiana corporation doing business in the city of New Orleans, filed its claim for said purchase money with the referee in the sum of $4,137.41, setting forth that it held a secured claim by virtue of a vendor's or purchase-money lien on such of the articles of merchandise sold to the bankrupt as remained in his possession at the time of adjudication.

The relief asked was that possession of the property be returned to the petitioner, or that a lien be declared to exist thereon in its favor superior to that of the general creditors. It based its claim solely on article 3227 of the Revised Civil Code of 1870 of Louisiana (same article of Merrick's Code) which reads as follows: "Vendor's Privilege on Price of Thing Sold. He who has sold to another any movable property, which is not paid for, has a preference of the price of his property, over the other creditors of the purchaser, whether the sale was made on a credit or without, if the property still remains in the possession of the purchaser."

There is no dispute about the facts, which were set forth in a written stipulation signed by the parties and filed with the referee. The goods were shipped by rail, f. o. b. New Orleans, to the bankrupt at Brookhaven, Miss., and there placed in his retail store with the other merchandise, to be disposed of in the usual course of business, where that part of them in controversy still remained at the time of filing the bankruptcy petition,

and subsequently came into the possession of the trustee. They were sold by the New Orleans concern upon open account, without retention of title or security of any kind, except such as was given by the general law, the lex loci contractus. The referee denied the reclamation petition and also the claim for priority for the purchase money under the Louisiana statute. A petition for review was duly filed, and the record has been considered in the light of the briefs and authorities cited.

The petitioner rests its claim entirely upon the Louisiana statute above quoted, upon the correct assumption that the contract of sale, as well as the delivery thereunder, took place in that state. It is alleged in the petition "that the contract and every step taken in connection therewith were consummated in the State of Louisiana, and that the contract is a Louisiana contract." While these allegations are conclusions of law, they are supported by the facts set forth in the petition, as well as those shown by the proof, and upon that claim the petitioner must stand or fall. Payne Hardware Company v. International Harvester Company, 110 Miss. 783, 70 So. 892.

The title to the property passed to the purchaser upon delivery thereof to the railroad company. It was in his possession, in his store, being offered for sale, at the time of adjudication, as well as when the petition in bankruptcy was filed, and consequently passed to the trustee as it was at the latter date. The petition to reclaim possession of the property was properly denied by the referee. See section 70, as amended, Bankruptcy Act (11 USCA § 110); section 3352, Miss. Code 1930.

That a vendor's lien or privilege for the unpaid purchase money was originally acquired by the petitioner on the articles sold, when the sale was consummated, and so long as they remained in the state in the possession of the purchaser and susceptible of identification, is undisputed. In re New Orleans Milling Company, Inc. (D. C.) 263 F. 254. But that it survived the transportation of the property beyond the state and its passing into the hands of the trustee in bankruptcy is an entirely different matter.

Precisely when it became extinct or lost its efficacy is not necessary for decision, but it is quite clear, in any aspect of the case, that, when the property was shipped into Mississippi, placed on sale in the store of the bankrupt, who was doing business as a trader under a sign, and there permitted to

remain in his undisturbed possession, as his property, until the date the petition was filed upon which he was adjudicated a bankrupt, the lien or privilege for the purchase money given the seller by the Louisiana statute above quoted was lost, and the vendor cannot prevail in this contest with the trustee in bankruptcy who is vested with all the rights, remedies, and powers of a creditor holding a lien thereon by legal or equitable proceedings. In these circumstances, the petitioner's claim is not entitled to priority over the general creditors. Section 47, as amended, Bankruptcy Act of 1898 (11 USCA § 75); section 3352, Miss. Code 1930; Chism v. Thomson, 73 Miss. 410, 19 So. 210; Hernandez v. Aaron, 73 Miss. 434, 16 So. 910; Pearson v. William R. Moore Dry Goods Company, 146 Miss. 225, 110 So. 709.

The order of the referee is affirmed.